| 40 | 31 |
|----|-----|
| 79 | 269 |

## KIERULFF v. ADAMS.

**Appeal:** CERTIFICATE OF JUDGE: JURISDICTION. Upon the appeal of a cause involving less than one hundred dollars, the certificate of the judge should state that it involves the determination of a question of *law*, to confer jurisdiction upon the Supreme Court.

*Appeal from Marshall Circuit Court.*

SATURDAY, OCTOBER 24.

THE plaintiff commenced his action before a justice of the peace, claiming of defendant the sum of fifteen dollars on

account for professional services rendered for, and at the request of, defendant. The defendant denied the claim. The cause was tried by the justice, and judgment was rendered for plaintiff for fourteen dollars and costs. Defendant appealed to the Circuit Court, where the cause was tried without a jury, and judgment was again rendered for plaintiff for the same amount. Defendant appeals.

*Henderson & Merriman*, for appellant.

*Parker & Rice*, for appellee.

DAY, J.—Section 3173 of the Code provides that "no appeal shall be taken in any cause in which the amount in centroversy between the parties, as shown by the pleadings, does not exceed one hundred dollars, unless the trial judge shall certify that such cause involves the determination of a question of law, upon which it is desirable to have the opinion of the Supreme Court." The abstract in this case shows that "the court certifies that said cause involves a question upon which it is desirable to have the opinion of the Supreme Court." This certificate is deficient in an essential material, and does not confer upon us jurisdiction to review the case. The legislature recognized the fact that cases involving less than one hundred dollars might embrace important legal principles, which it would be desirable to settle finally upon appeal. Hence the certificate is required to state that the cause involves the determination of a question of *law*, as contradistinguished from one of *fact*. It was not intended that, in cases of so small magnitude, this court should be called upon to review the evidence, and determine the sufficiency of it to support the judgment or verdict.

Because of the insufficiency of the certificate, we do not review the questions presented in argument, but hold that the appeal must be, at appellant's costs,

DISMISSED.