## WETZ v. AUSTIN.

1. **Practice**: JURISDICTION : CERTIFICATE OF TRIAL JUDGE.   A certificate of the trial judge reciting that although the case involves less than one hundred dollars it "involves the determination of a question of law upon which it is desirable to have the opinion of the Supreme Court," does not comply with the requirements of the statute.

*Appeal from Benton Circuit Court.*

MONDAY, JUNE 9.

THIS action was commenced before a justice of the peace, the plaintiff claiming of defendant one hundred dollars. Judgment was rendered for plaintiff.   The defendant appealed to the Circuit Court.   The cause was referred to J. C. Traer, Esq.   In accordance with the report of the referee, on the 3d day of January, 1879, judgment was rendered for the plaintiff for forty-three dollars and costs, taxed at one hundred and twenty-nine dollars and five cents.   The defendant appeals.

*W. C. Connell* and *Gilchrist & Haines*, for appellant.

No argument for appellee.

DAY, J.—Rule 12 of the statutes and rules regulating practice in this court provides:   "Unless the case involves an interest in real estate no appeal, when the amount in controversy, as shown by the pleadings, does not exceed one hundred dollars, will be considered, except to dismiss the same, unless the trial judge certifies the question of law upon which the decision of this court is desired; and no other question except the one certified shall be considered."   The certificate of the trial judge in this case is as follows:   "The undersigned, judge of said court, hereby certifies that said cause involves the determination of a question of law upon which it is desirable to have the opinion of the Supreme Court."   It is plain that this certificate does not

*1. PRACTICE: jurisdiction: certificate of trial judge.*

comply with the requirements of the rule above set out. The question of law upon which the decision of this court is desired is not stated. Under such certificate we might be asked, as we were frequently before the adoption of the rule, to determine as to the sufficiency of the evidence to sustain the finding in the court below. We have frequently held that we will not entertain an appeal unless this rule is complied with. This rule took effect on the 1st day of January, 1878.

The appeal is

DISMISSED.