## WILSON v. IOWA COUNTY.

1. **Supreme Court:** RULE REGULATING APPEALS: JURISDICTION. Rule 12 of the Supreme Court, providing that appeals in cases involving less than one hundred dollars will only be considered when the certificate of the trial judge states the question of law upon which an opinion is desirable, is not objectionable upon the ground that it limits the jurisdiction of the court.

*Appeal from Iowa Circuit Court.*

TUESDAY, OCTOBER 28.

ACTION to recover ninety dollars for services as an attorney at law in prosecuting certain liquor cases. There was a trial

by jury and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Hedges & Alverson*, for appellant.

*Rumple & Lake*, for appellee.

ADAMS, J.—This case is certified to us as involving a question of law upon which it is desirable to have the opinion of the Supreme Court, but the certificate does not show what the question is. The certificate, therefore, is deficient. Section 12 of the Rules of Court. It is true no objection is raised to the certificate by the appellee, but the rule is made to relieve us from the consideration of the numerous errors which may be assigned in cases involving unimportant rights, when perhaps there was but a single question upon which the court below deemed it desirable to have the opinion of this court.

AFFIRMED.

### SUPPLEMENTAL OPINION.

PER CURIAM. A petition for rehearing has been filed in this case, in which it is insisted that section 12 of the Rules of

1. SUPREME court: rule regulating appeals: jurisdiction.

Court is nugatory, for the reason that the court has no power to make such rule. It is said that the effect of the rule is to restrict the jurisdiction of the court, and that it is competent only for the legislature to do that.

It may be conceded that the court cannot restrict its jurisdiction. Whether the rule has that effect must depend upon the construction which should be given to section 3173 of the Code. That section provides that "no appeal shall be taken, in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed one hundred dollars, unless the trial judge shall certify that such cause involves the determination of a question of law upon which it is desirable to have the opinion of the Supreme Court; but this limitation shall not affect the right of appeal in any cause in which is involved any interest in real property."

Wilson v. Iowa County.

The object of the statute is of course to relieve this court, to some extent, from the burden of determining causes involving unimportant rights. The provision allowing appeals in causes involving the determination of a question of law, upon which it is desirable to have the opinion of the Supreme Court, is made in the interest of the public. The parties, as distinguished from the public, are interested only in the subject-matter of the litigation. Now the public is not supposed to be interested in the determination of any question of law, at least not sufficiently so to justify an appeal, unless the question be one upon which, in the opinion of the trial judge, it is desirable to have the opinion of the Supreme Court. The inevitable inference is that this court should be relieved from the determination of other questions.

This court may make rules not inconsistent with the provisions of the statute. Under section 3173 of the Code, it cannot be doubted that the trial judge might have certified that the cause involved the determination of a particular question of law, and confined the appellant to a presentation of that question alone. The trial judge might have done this without interfering with the jurisdiction of this court. If this might have been done by the trial judge under the statute in all cases without rule, it follows, we think, that this court may without limiting its jurisdiction require such certificate to be made.

The rule does not restrict our jurisdiction, but simply requires that a thing, proper to be done without rule, shall be done in order to entitle a party to a hearing in this court.

The petition for a rehearing is overruled.