## DAWLEY V. HOUCK.

53 733
84 197

1  **Practice in the Supreme Court:** APPEAL: CERTIFICATE OF JUDGE.
    Where the question certified to the Supreme Court by the trial judge,
    in a case involving less than one hundred dollars, was as follows: "Can
    judgment be rendered in favor of plaintiff, and against defendant, upon
    the agreed statement of facts filed in this case," it was held that such
    certificate was insufficient, and the appeal would not be considered.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, JUNE 12.

ACTION of replevin, commenced before a justice of the
peace, where a judgment was rendered for plaintiff. Upon an
appeal to the Circuit Court a like judgment was rendered,
from which defendant appeals to this court.

*Brown & Wellington,* for appellant.

*Cooley, Fannon & Ackers,* for appellee.

BECK, J.—I. The cause was tried in the Circuit Court
upon an agreed statement of facts. The value of property
in controversy is less than one hundred dollars.
To authorize an appeal, the statute requires the
judge of the Circuit Court to certify that "the
cause involves a question of law upon which it is
desirable to have the opinion of the Supreme Court." Code,
§ 373. We have repeatedly held that to authorize this court
to determine the appeal, the certificate of the judge of the
court below must state the specific question of law to be de-
cided here. *Wilson v. Iowa Co.,* 52 Iowa, 339; *Wetz v.
Austin,* 51 Id., 342; *Throckmorton v. Horton,* 52 Id., 737;
*Stormer v. Henzie,* 52 Id., 743.

II.  The certificate, in this case, states the question to be
determined here in these words: "Can judgment be ren-
dered in favor of plaintiff, and against defendant, upon the

agreed statement of facts filed in this case?" The question presents no specific point of law for determination. Its answer would require us to consider the whole case, all the questions of law and facts. It is, indeed, equivalent to the question, "Is the judgment of the Circuit Court correct?" It cannot be fairly claimed that it presents a specific question of law.

In the argument of the case, counsel for defendant make more than one objection to the judgment, and present more than one question. They insist that defendant was not, when the writ was served, in the actual possession of the property; that he was not estopped to deny his possession, etc., etc. While these questions are quite briefly discussed by counsel, they are in the case, and must be passed upon if the certificate of the judge be held sufficient. But the court below did not certify upon which one of the questions our decision is desired. We are not permitted to enter upon a general consideration of the case. Unless the specific question upon which our opinion is desired be stated, we will not entertain the appeal.

It will also be observed that the question submitted to us by the certificate of the Circuit Judge involves the facts as well as the law of the case. The statute only authorizes questions of law to be certified. As we cannot take cognizance of the case, the judgment of the Circuit Court must be

AFFIRMED.