## BROWN v. PETRIE ET AL.

1. **Practice in the Supreme Court: APPEAL: JUDGE'S CERTIFICATE.** The certificate of the trial judge, in a case involving less than one hundred dollars, held insufficient to raise any question for the consideration of the Supreme Court.

*Appeal from Hardin Circuit Court.*

FRIDAY, JUNE 10.

ACTION to recover for trespass to real estate. Judgment was rendered for the defendants. The plaintiff appeals.

*S. M. Weaver* and *T. H. Milner*, for appellant.

*William V. Allen*, for appellee.

ADAMS, CH. J.—The amount claimed being less than one hundred dollars, the case comes to us upon a certificate in which the questions certified are as follows:

"1. Under the facts as shown by the evidence on the part of the plaintiff, has said plaintiff such possession of the land described in the petition as will enable him to maintain this action?

"2. Under the pleadings herein, and the facts as shown by the evidence, has the plaintiff such possession, or right, title or interest in the land or possession as will enable him to maintain an action against a stranger trespassing thereon?

VOL. LVI—14.

The appellee insists that these questions present nothing for our determination.

In our opinion the position is well taken. The action is at law and it is not our province to determine questions of fact in such actions, even if the amount involved was sufficient to give us jurisdiction.

While the questions certified seem upon their face to call for an opinion upon the weight of evidence, we have to say that upon looking into the record we discover that a jury was impaneled, and after the plaintiff had introduced his evidence the court took the case from the jury and rendered judgment for the defendants.

This leads us to conclude that there was doubt in the mind of the court as to whether there was any evidence upon which a right of recovery could be based, and that this doubt was of a legal character, that is, as to whether one or more facts proven beyond dispute constituted any evidence in the plaintiff's favor.

But it is certain that no such question is properly certified to us. The plaintiff may rely upon many facts which in the mind of the court are so clearly immaterial that it never thought of asking for an opinion of this court upon them. The questions certified, then, should have embraced specific facts. In no other way could we be sure of determining the questions of law which the court had in mind.

The appellant argues the case precisely as if it was presented to us as a whole. Possibly the questions certified were drawn by appellant's counsel, and were designed to operate as a complete drag net, and enable him to raise every question discovered or discoverable in the case. Such a practice, if allowed, would be a complete evasion of the statute, and rule based thereon, requiring the certification of the question of law upon which the court below deems it desirable to have the opinion of this court. We think that the appeal must be

DISMISSED.