FITCH v. FLYNN ET AL.

1. **Appeal**: CERTIFICATE: SPECIFIC QUESTION OF LAW. Where the amount in controversy is less than one hundred dollars, and the certificate of the trial judge does not present any specific question of law which this court can properly determine, the appeal will be dismissed.

*Appeal from Lucas Circuit Court.*

THURSDAY, APRIL 20.

THIS is an action upon a promissory note for the sum of $31.65, executed by the defendants to Martin B. Sommers, or order, dated April 12th, 1870, and due three months after date. The defendants, for answer, averred that the note had been paid, and that the plaintiff is not the owner thereof. The cause was tried to the court, and judgment was rendered for the plaintiff. The defendants appeal.

*Stuart Brothers*, for the appellants.

*Mitchell & Penick*, for the appellee.

DAY, J.—The court found the facts in the case to be as follows: "That on or about the — day of April, 1868, Richard M. Hunt and Helen Hunt were living together as husband and wife, and had been so living together for some time prior thereto. That Martin B. Sommers was the son of said Helen Hunt by a former husband, and was living with said R. M. and H. Hunt, and making his home with them as a member

of their family. That the said Helen Hunt was the owner, in her own right, of a colt which she gave to her said son, at or about the date aforesaid, which was kept there on the farm until the date of the note in controversy, when it was sold to defendant herein, who gave said note therefor to said Sommers, in whose favor the note was given, and who sold the colt to defendant as his own property.

That at the time said Helen Hunt so gave said property to said Sommers, it was not exempt, but subject to execution, and that at this time the said R. M. Hunt was indebted to plaintiff herein in the sum of $34.00, for medical attendance upon the members of his family, by plaintiff, who was a practicing physician, and that said indebtedness was for the expenses of the family, for which the separate property of said Helen Hunt was liable, under and by virtue of section 2214 of the Code of 1873.

" That the said R. M. Hunt was at this time a man of moderate means and property; and at the time indebted. That the said R. M. Hunt, on or about the — day of ———, was going to Nebraska, expecting to remain there some time, with his team and other property, although not moving his family, and while prosecuting said journey, the plaintiff threatened to attach him unless he paid him what he owed him, which included the amount aforesaid, and other indebtedness of a like character which had subsequently arisen, whereupon the said Hunt proposed to give him the note sued upon in this case, in payment, or part payment of the account, which the plaintiff accepted. This note was then in the possession of the said Helen Hunt, and left in her possession by her son aforesaid, when taken, for safe keeping. The said R. M. Hunt gave the plaintiff a verbal order to obtain the note of his wife aforesaid, and when he applied for the note she gave it to him, being informed at the time the purpose to which it was to be applied, and she gave it to him voluntarily, with full knowledge that it was to be applied in payment of said debt.

" That at the time of the gift aforesaid, and sale of said

property, and when the note was given to the plaintiff as aforesaid, the said Martin B. Sommers was a minor, and had given no authority to the said Hunt, or his wife, to apply the note on payment of their debts. Upon the day the note was delivered to plaintiff, the defendant was notified of the transfer to the plaintiff of said note. Upon the day of the date thereof the said Sommers gave to the defendant the following notice:

" To C. J. Flynn and C. D. Flynn:

" Sir—I hereby notify you not to pay a certain note that you gave me, for thirty-one dollars and sixty-five cents, dated April 13th, 1870, and payable three months after date, to any one but myself, as said note was not sold by me, nor by my consent.

" Given under my hand, this 12th day of July, 1870.

" M. B. SOMMERS.

" Upon the 26th day of October, 1870, the said defendant paid the amount of said note to the said Martin B. Sommers, he receipting therefor to the defendant."

Upon these facts the court held the plaintiff entitled to recover the amount of the note. The amount in controversy being less than $100, the court certified the questions for our determination as follows:

" 1. Was the gift of the colt by the mother to the son, of property liable to execution, valid as against the plaintiff, whose debt existed at the time of the gift, under the facts of this case?

"2. Did the transfer of said note to plaintiff by Hunt and his wife vest in him the ownership and property in said note?

" 3. Did the court err in finding the plaintiff entitled to judgment for the note?"

It is insisted by the appellee that this certificate does not present for our determination any specific question of law, and that it must, therefore, be disregarded.

I.  It is evident that under the facts of the case, as found

by the court, several legal questions may arise respecting the validity of the gift of the colt. 1. It is found by the court that at the time of the gift, R. M. Hunt was a man of moderate means and indebted.

*1. APPEAL: certificate : specific question of law.*

Neither the amount of his means nor of his indebtedness appears. It is not shown whether he had, at the time, enough property for the payment of his debts. Upon which side is the burden of proof? In order to sustain the gift, must the defendants show that at the time of the gift R. M. Hunt had property sufficient for the payment of his debts, or is the presumption in favor of the validity of the gift, and to defeat it must the plaintiff show that R. M. Hunt was insolvent? 2. The debt was that of the husband, but was chargeable upon the property of both husband and wife, because for a family expense. Under such circumstances is a gift of property of small value by the wife to her son, without leaving enough in her hands for the payment of the debt, valid? 3. It is not found whether the wife was indebted or had other property. Upon which party is the burden of proof respecting this question? It is plain that all these questions may enter into the determination of the validity of the gift; and yet we do not know which one of them the court below deemed of sufficient importance to submit for our consideration.

II. The second question certified may involve: 1. The validity of the gift of the colt, and the right of the donor to resume the gift, if fraudulent as to creditors. 2. The right of the donor to resume the gift even if valid, the donor being her son and a minor. See *Cranz v. Kroger*, 22 Ill., 74. 3. The right to appropriate a note taken by a minor son in his own name upon a sale by him of the donated property.

III. The third question presented calls for a determination of every legal question which may have arisen in the case. We are of opinion that the certificate of the judge does not present for our consideration any legal question which we can properly determine. See *Wetz v. Austin*, 51 Iowa, 342; *Dawley v. Houck*, 53 Iowa, 733. The appeal is

DISMISSED.