GILLOOBY v. CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Appeal to Supreme Court:** JURISDICTION: LESS THAN $100: PURE QUESTIONS OF LAW ONLY TO BE CERTIFIED. The certificate required to give this court jurisdiction of appeals in causes involving less than $100, must present questions of law only, and must point out the specific questions of law to be determined, without mingling them with questions of fact.

2. **Practice in Supreme Court:** EVIDENCE NOT CERTIFIED. This court cannot consider whether the decision of the trial court was correct "in view of the evidence," when the abstract fails to show that the evidence is all before the court, and the amended abstract of the appellee, which is not denied by appellant, shows that the evidence is not all before the court.

*Appeal from Clinton Circuit Court.*

FRIDAY, APRIL 20.

ACTION originally commenced before a justice of the peace to recover for hay burned by fire set out by an engine on defendant's road. The amount claimed is $99. Upon an ap-

peal by defendant to the circuit court, a judgment was rendered upon a verdict for $69.40.    Defendant now appeals to this court.

*K. W. Wheeler, John W. Carey* and *D. S. Wegg,* for appellants.

*Cotton & Wolfe,* for appellee.

BECK, J.—I.    The amount in controversy in this case being less than $100, the cause cannot be heard in this court

1. APPEAL to supreme court : jurisdiction : less than $100 : pure questions of law only to be certified.

except upon a certificate of the court below, showing questions of law upon which it is desirable to have the opinion of the supreme court. Code, § 3173.    Under this statute the circuit court gave a certificate in the following language: "The attorney of the defendant in writing submitted to the court and counsel of the plaintiff, before the argument of the case commenced, the special interrogatories that are alleged to have been requested by counsel of the defendant in their bill of exceptions, and that each and all of said special interrogatories so asked were refused by the court and so retained from the jury; that the court, upon its own motion, after the argument of counsel, and without submitting the same to counsel of either party, when the charge to the jury was made, submitted to the jury the special interrogatories alleged in defendant's bill of exceptions to have been submitted by the court to the jury; to all of which the defendant then and there duly excepted.

" Was the action of the court error, in view of the evidence in this case?    Should a new trial be granted?"

This certificate is not a compliance with the statute and our prior decisions, and does not, therefore, authorize us to determine the case.

II.    The certificate ought to present "a question of law as contradistinguished from a question of fact."    *Kierulff v. Adams,* 40 Iowa, 31.    And it must point out the specific

questions of law to be determined, which are not to be mingled with questions of fact. *City of Centerville v. Drake*, 58 Iowa, 564; *King v. Derby*, 51 Iowa, 11; *Fitch v. Flynn*, 58 Iowa, 159; *Hudson v. C., & N. W. R'y Co.*, 59 Iowa, 581.

It will be observed that, in order to pass upon the questions contemplated by the certificate, we would be required to determine questions of fact; the certificate, therefore, mingles questions of fact and of law.

It is apparent that a number of questions may be covered by the certificate, yet those which it was deemed desirable to be determined here are not specified.

III.   But if we could waive the objection to the consideration of the case above pointed out, there is another which forbids us to take cognizance of the questions **2. PRACTICE in supreme court: evidence not certified.** presented by the certificate. We are requested by the certificate to determine whether the decision of the court below "in view of the evidence in the case" is correct. The question contemplates the consideration of all the evidence, in passing thereon. But the abstract fails to show that we have all the evidence before us, and an amended abstract filed by plaintiff, which is not denied by defendant, shows that all the testimony is not in this court.

We reach the conclusion that the case is not in a condition for decision by this court. The judgment of the circuit court must be

AFFIRMED.