DUNN v. ZOLLER.

1. **Appeal to Supreme Court**: LESS THAN $100: INSUFFICIENT CERTIFICATE. In this case, the trial judge certified the question to be considered by this court as follows: "Can plaintiff recover, under the facts agreed upon herein, as per stipulation on file," etc. *Held* that this court could not consider the case, because the certificate presented the whole case, and failed to present the *specific* question or questions which the trial judge considered desirable to have determined by this court.

*Appeal from Harrison District Court.*

MONDAY, JUNE 11.

THIS action was commenced before a justice of the peace to recover the value of a portion of a partition fence, assigned

to defendant by the fence-viewers as the part he was required to build and maintain. Defendant neglecting to construct the fence, it was built by plaintiff. Upon an appeal and change of venue to the district court, judgment was rendered for defendant, from which plaintiff appeals.

*C. R. Scott,* for appellant.

*Sapp & Lyman,* for appellee.

BECK, J.—I. The amount in controversy being less than $100, the case can only be tried in this court upon the certificate of the judge of the district court required by the statute.

II. The cause was submitted to the district court upon an agreed statement of facts. Upon rendering judgment for defendant, the district judge certified the case to the court as involving a question of law which should be determined here. The question is stated in the certificate in the following language: "Can plaintiff recover under the facts agreed upon herein, as per stipulation on file, from defendant, the value of the portion of the partition fence therein mentioned, assigned to defendant and built by plaintiff, as in said stipulation set out, under the laws of Iowa, or for any amount thereof?"

III. This question is general, involving all points in the case. It fails to present the specific question or questions which the district judge deemed desirable to present to the court for determination. The record of the case and the argument of counsel disclose many questions which involve the construction of the statute upon which the action was brought, the duty and obligation of the parties thereunder, the proceedings to be had under the statute, the necessity of a notice to the parties of the meeting of the fence-viewers, and of a certificate signed by the fence-viewers showing the value of the fence, and others of a like character. The certificate of the judge fails to indicate the specific question or questions to be determined here. It presents, by the ques-

tions certified, the whole case, and every question involved therein, without showing what they are, or what one or more the district judge thought desirable to present for our determination. It fails to comply with the statute, and is insufficient under our decisions. *Dawley v. Houck,* 53 Iowa, 733; *Brown v. Petrie et al.,* 56 Iowa, 209; *Fitch v. Flynn et al.,* 58 Iowa, 159; *City of Centerville v. Drake,* Id., 564; *Wheaton v. Foster,* Id., 661; *Landers & Son v. Boyd et al.,* 59 Iowa, 758. We cannot, therefore, review the decision of the district court; it will be

AFFIRMED.