## JUSTUS A. BROOKS v. RICHARD WRIGHT.

APPEAL, *from Justice's Judgment, after Jury Trial; Amount of Defendant's Claim.* Where, in answer to plaintiff's bill of particulars claiming $14, defendant files a bill which contains, first, a denial of plaintiff's bill except as afterward admitted, next an admission that two dollars thereof is correct, then an allegation that plaintiff is indebted to defendant in the sum of twenty-one dollars, and then stating, separately, the items of such indebtedness, which, added, amount to $22.15, and closes with a prayer for judgment of $21 against the plaintiff, *held,* that taking the entire bill together the defendant must be considered as claiming over twenty dollars, and that therefore the parties are not, by a jury trial in the justice's court, barred of the right to appeal from the judgment.

### *Error from Labette District Court.*

JUDGMENT was given by a justice of the peace in favor of *Wright,* defendant, for $3.55, from which he appealed to the district court, claiming that such judgment was too small. *Brooks,* plaintiff, filed a motion in the district court to dismiss the appeal. The district court, at November Term 1876, overruled the motion to dismiss, and *Brooks* brings the case here.

*Johnson & Davis,* and *G. W. Fox,* for plaintiff, contended that, as there was a jury trial before the justice, and neither party had claimed in his bill of particulars more than twenty dollars, the case was not appealable. (Gen. Stat. 802, § 132; Laws of 1870, p. 185, § 10.) The right to appeal does not depend upon the amount of the claim, but the real amount found due when ascertained from the evidence in the case. Gen. Stat. 775, §§ 2, 3; 14 Ill. 393. Again, the defendant's claim is neither a set-off nor a counterclaim, but is for supposed damages arising *ex delicto,* and hence not the subject of set-off.

*L. C. True,* for defendant, maintained, that if either party claimed in his bill of particulars a sum exceeding $20, the case was appealable. The defendant did claim $21 in his

bill, but admitted that $2 of the plaintiff's claim was just. The plaintiff by his failure to reply, denied the whole $21, thus requiring the defendant (who only expected final judgment for $19) to prove and have it adjudged that the plaintiff owed him $21. How could he prove this if he had not claimed it? But plaintiff mistakes the law. The right of appeal depends expressly upon the amount claimed in the bill of particulars, and not upon the amount found due when ascertained by the evidence as claimed by plaintiff's counsel. Justices Act, § 120; Laws of 1870, p. 185, § 10. Again: While it is true that the defendant's cause of action rested originally in tort, being for damages from trespassing animals, yet an examination of his bill of particulars will show that it is now for ascertained damages which the plaintiff *agreed to pay.* As pleaded, it arises upon contract, and is introduced in an action founded on contract, coming clearly within the statute authorizing set-offs. (Civil code, § 98.)

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought his action before a justice of the peace. Trial by jury. Verdict and judgment for plaintiff. Defendant appealed to the district court. Plaintiff moved to dismiss the appeal, on the ground that no appeal lies from the judgment of a justice where the case is tried by a jury and neither party claims in his bill of particulars a sum exceeding twenty dollars. (Laws of 1870, p. 185, § 10.) This motion was overruled, and this is the alleged error.

Plaintiff unquestionably claimed but fourteen dollars, and the question turns on the construction to be given to the defendant's bill of particulars. Defendant in his bill first denied plaintiff's claim, except as afterward admitted, then admitted two dollars of plaintiff's account to be correct. It then goes on to say that defendant, for his cause of action, alleges that plaintiff is indebted to him in the sum of twenty-one dollars for damages done to him by trespassing animals of the plaintiff, and that the exact date of these trespasses he is unable

to give; that on 15th October 1874, the damages so done amounted to $2.65, and that plaintiff then promised to pay the same; that between 15th October 1874 and 10th April 1876, the damages done amounted to $19.50, and that plaintiff promised to pay the same. Then followed a prayer for judgment for twenty-one dollars, and that whatever amount might be found due plaintiff from the defendant might be set off by an equal amount of defendant's claim, and judgment entered for the balance. Now it is insisted that this shows simply a claim for $19, the difference between the $21 for which judgment was asked and the amount admitted to be due the plaintiff. . Taking the whole of defendant's bill together we think this construction cannot be sustained. True, the defendant says at one place that the plaintiff is indebted to him in the sum of $21, but when he comes to state the items of indebtedness he gives $2.65 as one amount and $19.50 as another. These amounts added make $22.15; and deducting the $2 admitted to be due plaintiff, would leave $20.15 as the amount which, if defendant's bill of particulars was proved to be true, he would be entitled to recover. His prayer is for $21; but with the admissions in the bill this was $0.85 more than he could recover. If therefore we look at the mere terms of his claim, he claims over $20. If we take the sum of the items of his bill, and deduct the amount of his admission, we still find over $20 alleged to be due. And the general allegation of indebtedness may fairly be taken as qualified by the specified items of indebtedness, or as indicating the amount claimed to be due therefor over and above the amount admitted to be due the plaintiff. There is no propriety in straining a point, or in ignoring any portion of the defendant's bill, to bar him from a hearing in the district court.

The ruling of the district court will be affirmed.

All the Justices concurring.