## YOUNG v. McWAID.

1. **Appeal: AMOUNT IN CONTROVERSY.** Where, before the trial in a justice's court, a certain amount was tendered but not accepted, and trial was had; *Held,* that the portion of the claim not tendered was the amount in controversy under the law limiting appeals.

2. **Tender.** A tender made after suit was brought, specifying that a certain portion of the amount paid into court was to be applied to the debt and the balance to the costs, is proper and not conditional.

*Appeal from Cass Circuit Court.*

MONDAY, OCTOBER 24.

ACTION originally brought before a justice. Upon an appeal to the Circuit Court there was a judgment for plaintiff. Defendant appeals to this court.

*Chapman & Chapman,* for appellant.

*L. L. DeLano,* for appellee.

BECK, J.—I. The plaintiff brought this action before a justice of the peace to recover $78.80 "for corn sold and delivered to defendant." On the return day the defendant tendered and paid to the justice "$49.41, as the amount of the debt, and for the further sum of $10.05 as costs, being all the costs in the cause up to the time of the tender." The tender not being accepted, there was a trial before the justice, and judgment was rendered for plaintiff in the amount of the sum tendered, and against him for all costs made after the tender. The plaintiff appealed to the Circuit Court, where defendant moved to dismiss the appeal, on the ground that the court had no jurisdiction of the appeal, the amount in controversy being less than $25. The judge of the Circuit Court certified the questions in this case, thus authorizing an appeal to this court. These questions involve the correctness of the Circuit Court's action in overruling the motion to dismiss the appeal.

II.   Chapter 163, acts Eighteenth General Assembly, pro-
vides that no appeal (from a justice of the peace) shall be al-
1. APPEAL:      lowed in any case where the amount in controversy
amount in
controversy.    does not exceed twenty-five dollars.   See Miller's
Code, § 3575.

What was the amount in controversy in this case when the
appeal was taken?   It is evident that the amount in contro-
versy at that time must determine whether the appeal is al-
lowable.   The pleadings may be so amended as that when
judgment is rendered the issues may change the amount in
controversy, so that it will not be the same as the prior plead-
ings showed.   Thus plaintiff may have set out in his original
claim two causes of action.   At the trial one may have been
withdrawn by the plaintiff, or it may have been admitted by
defendant.   The amount in controversy afterwards would be
the claim contested by the parties.

The case before us is of this character.   Defendant's tender
admitted plaintiff's claim to the amount of the money paid
into court.   There is no controversy as to this sum.   It is ad-
mitted on all hands plaintiff is entitled to recover the money
tendered.   There is no dispute, no controversy, about that
amount.   But there is a controversy whether plaintiff shall
recover the part of his claim not tendered.   The amount of
the claim not tendered is, therefore, the amount in controversy
in this action.   It is less than twenty-five dollars and no ap-
appeal was, therefore, allowable in this case.

III.   Counsel for plaintiff insists that the tender as made
was conditional, and was therefore not good.   The language
2. TENDER.      of the record reciting the tender we have above
quoted.   We are able to discover therefrom no condition at-
tached to the tender.   The record simply expresses that a
specified portion of the sum of money paid as a tender is to
be applied to the debt, and the balance to the costs.   This
was proper for the law requires when a tender is made after
suit has been brought that the costs must be covered by the
tender. *Barnes v. Green,* 30 Iowa 114.

The tender, as shown by the record, covered the costs made up to the day of tender. The balance of the money paid into court was to be applied upon the debt.

In our opinion, the Circuit Court erred in overruling the motion to dismiss the appeal.

REVERSED.