## MADISON v. SPITSNOGLE ET AL.

| 58 | 369 |
| 93 | 379 |
| 58 | 369 |
| 124 | 184 |

1. **Appeal**: AMOUNT IN CONTROVERSY: HOW DETERMINED. To authorize an appeal, without the certificate of the trial judge as to some question of law, it must appear from the pleadings that the court, consistently therewith, might have rendered judgment against one of the parties for more than one hundred dollars.

*Appeal from Louisa Circuit Court.*

MONDAY, APRIL 24.

AT a former term the appeal was dismissed on the ground the amount in controversy was less than one hundred dollars, and there was no certificate of the trial judge that there were

questions of law involved, as to which the opinion of the Supreme Court was desired.   Subsequently, the appellant filed a motion to . set aside such order on the ground there was more than one hundred dollars in controversy, and therefore no certificate was required in order to give the Supreme Court jurisdiction.

*T. B. Snyder*, for the motion.

SEEVERS, CH. J.—The action was commenced before a justice of the peace on a contract in writing, whereby the defendant, L. D. Spitsnogle, obligated himself to pay the plaintiff sixty dollars, if by the use of certain medicines, to be furnished by the plaintiff, the defendant was cured of a certain disease with which he was afflicted.   It was averred the plaintiff had fully performed the contract on his part, and he sought to recover sixty dollars. The defendant denied performance of the contract by the plaintiff, and, by way of counter-claim, he set up he was treated in an unskillful and negligent manner, whereby his health was injured and he suffered loss of time, whereby he was greatly damaged, and he sought to recover fifty dollars. There was a reply denying the allegations of the counter-claim.   On the trial in the Circuit Court judgment was rendered for the defendants for twenty-five dollars.

1. APPEAL:
amount in
controversy:
how determined.

The question to be determined is, whether the amount in controversy was more than one hundred dollars.   In a certain sense there was.   That is, by combining the claims of both parties there was one hundred and ten dollars in controversy. But both parties do not invoke the jurisdiction of this court, and we think the true construction of the statute is, that it must appear from the pleadings that it was possible for the justice, consistent with the pleadings, to render judgment against one of the parties to the action for more than one hundred dollars.   It is certain this could not have been done.   There is no difference between the amount in controversy in an action, and the same thing when shown

by the pleadings. In the latter case, the allegations of the pleadings is the test by which the amount is determined. But the material matter is, what is the amount in controversy, and not how this is to be ascertained. If this court has jurisdiction of this appeal, then the justice did not have jurisdiction of the action. For it is provided the jurisdiction of justices of the peace shall only extend to cases where the amount in controversy does not exceed one hundred dollars. It has never been doubted that justices of the peace had jurisdiction in such cases.

It is claimed that *Alsip Bros. v. Hard et al.*, 38 Iowa, 697, and *Uplinger v. Kettering et al.*, 43 Id., 483, are inconsistent with the views above expressed, but we do not think this is so. The motion to set aside the judgment of affirmance must be

OVERRULED.