## Fox v. Duncan.

1. **Appeal to Supreme Court:** JURISDICTION: AMOUNT IN CONTRO-
VERSY: HOW DETERMINED.  Where the petition claims $70, and a
counter-claim filed by the defendant claims $57, this court has no juris-
diction to entertain the cause upon an appeal, without the certificate re-
quired in cases involving less than $100.  The amount in controversy
cannot be ascertained by adding the amount claimed in the counter-claim
to the amount claimed in the petition.  Following *Madison v. Spitzno-
gle*, 58 Iowa, 369.

*Appeal from Adair Circuit Court.*

FRIDAY, DECEMBER 15.

ACTION in attachment upon two promissory notes.  The
defendant admitted the execution of the notes, but pleaded, by
way of counter-claim, damages for breach of warranty in the
sale of· a horse, and for wrongfully suing out the attach-
ment and expenses incurred in defending against the same.
He asked judgment for $57, and costs.  There was a trial to
a jury, and verdict and judgment were rendered for the plaint-
iff for $4.37 damages, and $80.25 costs.  The jury having
found that the attachment was wrongfully sued out, the court
rendered judgment against the plaintiff for $20 as attorney
fees taxed as costs.  Both parties appeal.  The defendant per-
fected his appeal first.

*Gow & Hager*, for appellant.

*Grass & Story*, and *McCaughan, Dabney & McCaughan*,
for appellee.

ADAMS, J.—The defendant insists that this court has no
juisdiction upon either appeal, because the amount in contro-
versy is less than $100, and no question of law is certified as
required by Sec. 3173 of the Code.

The amount for which a recovery is claimed by the plaint-

iff is about $70. The amount for which a recovery is claimed by defendant is $57. In the absence of a certificate, this court has no jurisdiction, unless the amount in controversy exceeds $100, as shown by the pleadings. The amount in controversy does not exceed $100, as shown by the pleadings, unless we can say that the amount in controversy is the amount for which the plaintiff claims a recovery, added to the amount for which the defendant claims a recovery.

A question arose in *Madison v. Spitznogle*, 58 Iowa, 369, in regard to the jurisdiction of the court in the absence of a certificate. The question presented was as to whether the amount in controversy exceeded $100. The amount claimed by the plaintiff was $60. The defendant not only controverted his claim, but pleaded a counter-claim of $50. It was held that the amount in controversy was not the sum of the two amounts claimed by the plaintiff and defendant respectively. It appears to us that, under the rule adopted in that case, it must be held that the amount in controversy in the case at bar does not exceed $100. If we could not properly add the two amounts in that case, we cannot in this. It is true that in this case the defendant may be understood as conceding the correctness of the plaintiff's claim, and as asking judgment for the excess of his claim over that of the plaintiff's. In this view, the defendant's real claim against the plaintiff might be regarded as equal to the sum of the two, and that, as such claim is disputed, the amount in controversy should be regarded as the amount of such claim. But it will be seen at once that the rule for which the defendant contends is, in substance, the same as that which was disapproved in Madison v. Spitznogle, above cited. In our opinion, both appeals must be

DISMISSED.