LUNDAK v. THE CHICAGO & NORTHWESTERN RAILWAY Co.

65  473
127  579

1. **Appeal:** FROM JUSTICE'S COURT: AMOUNT IN CONTROVERSY: JURISDICTION. Where plaintiff sued in justice's court for $40, and judgment was rendered in his favor for $24, and the defendant appealed, *held* that the amount in controversy was $40, and not $24, and that, therefore, the circuit court had jurisdiction to entertain the appeal, under § 3575 of McClain's statutes, (Laws of 1880, Chapter 163,) and it was error to dismiss it.

*Appeal from Benton Circuit Court.*

SATURDAY, DECEMBER 13.

THE facts are stated in the opinion.

*Hubbard, Clark & Dawley*, for appellant.

No appearance for appellee.

SEEVERS, J.—The plaintiff commenced this action before a justice of the peace, and claimed to recover $40. There was a trial, and a judgment was rendered by the justice in favor of the plaintiff for $24. The defendant appealed to the circuit court, and, on motion of the plaintiff, the appeal was dismissed on the ground that the amount in controversy was less than $100; and the trial judge has, in substance, asked

us to determine whether the appeal was correctly dismissed. The statute provides that "any person aggrieved by the final judgment of a justice may appeal therefrom to the circuit court in the county. But no appeal shall be allowed in any case when the amount in controversy does not exceed $25." McClain's Code, § 3575. When the action was commenced and tried by the justice, the amount in controversy was $40. If the plaintiff had appealed, as he might have done, the amount in controversy would have been the same. If the plaintiff could appeal, it would seem that the defendant should have such right, for it is reciprocal. An appeal from the judgment of a justice, by either party, "brings up a cause for the trial on the merits." Code, § 3590. On the trial of this appeal in the circuit court, the plaintiff, under the pleadings, could have recovered a judgment for $40. By appealing, the defendant recognized the right of the plaintiff to such a judgment, and we therefore think the amount in controversy exceeded $25, and that the court erred in dismissing the appeal.

REVERSED.