Nichols et al. v. Wood.

## NICHOLS ET AL. V. WOOD.

1. **Assignment of Error:** WHAT IS SUFFICIENT. Where a motion was based on a single ground, and the assignment of error was that the motion was erroneously sustained, the assignment was sufficiently specific.

2. **Appeal from Justices' Courts:** JURISDICTION: AMOUNT IN CONTROVERSY. In determining the jurisdiction of the circuit court to entertain an appeal from a justice's court, as based on the amount in controversy, that amount is to be found from the pleadings in the case. The judgment rendered by the justice, and the costs made before him, have nothing to do with the matter. *Lundak v. C. & N. W. R'y Co.*, 65 Iowa, 473, and *Perry v. Conger*, Id., 583, followed.

*Appeal from Clarke Circuit Court.*

TUESDAY, JUNE 2.

THIS action was brought originally before a justice of the peace. Plaintiffs claimed $100 as damages. Defendant answered, denying the claim. There was a trial, and plaintiffs recovered judgment for five cents damages, and the costs, which were taxed at $27. Defendant appealed to the circuit court. The appeal was dismissed on plaintiffs' motion, on the ground that the amount in controversy was less than $25, and from this order defendant appeals to this court.

*Woodbury & White*, for appellant.

*John Chaney* and *B. H. Mitchell*, for appellees.

REED, J.—The cause came into this court on the following certificate of the trial judge: "I, D. D. GREGORY, judge of the circuit court of the fifth judicial district of Iowa, do hereby certify that there is a question of law, which arose in the disposition of this cause, upon which it is desirable to have the opinion of the supreme court, viz.; Under section 3575 of the Code, as amended by chapter 163, Laws Eigh-

VOL. LXVI—15

teenth General Assembly, limiting appeals from the justice's court to amounts exceeding twenty-five dollars, on defendant's appeal to the circuit court, should plaintiffs' motion to dismiss for want of jurisdiction in said court have been sustained, when the petition alleged damages in the sum of $100, a general denial, trial in the justice's court resulting in judgment for plaintiffs of five cents, and twenty-seven dollars costs?"

I.   Appellees contend that this certificate is so indefinite in its terms that it is impossible to determine from it just what the question is upon which the opinion of this court is desired, and for that reason this court does not have jurisdiction of the cause.   It is certainly true that under the statute (Code, § 3173) we have jurisdiction in causes in which, as shown by the pleadings, the amount in controversy between the parties does not exceed $100, to determine only such questions of law as are certified to us by the trial judges. And we have frequently held that, unless the certificate by its terms presented an abstract proposition of law for our determination, we would not entertain jurisdiction of the cause.   *Dunn v. Zoller*, 61 Iowa, 227; *Long v. Chicago, M. & St. P. R'y Co.*, 64 Id., 541.   We think, however, that the present certificate does present a question of law for our determination.   By it we are asked to determine whether the circuit court has jurisdiction of a cause which comes up by appeal from a justice's court, in which the plaintiff claimed a sum in excess of $25 as damages, which claim was denied by the defendant, and of which issue there had been a trial, resulting in a verdict and judgment for the plaintiffs for an amount less than $25 and costs; the judgment and costs, however, amounting to more than that sum, and from which judgment the defendant alone appealed.

II.   The assignment of error is in the following language: "The appellant herein says there is manifest error on the

1. ASSIGN- face of the record in this: that plaintiff's motion
MENT of er-
ror: what is to dismiss should have been overruled."   It is
sufficient.

contended by counsel for appellee that this assignment is too general, and that it should be disregarded for that reason. But we think otherwise. The motion to dismiss the appeal was on the single ground that the amount in controversy was less than $25, and for that reason an appeal from the judgment of the justice was not allowed by the statute. The assignment of error, therefore, points out the very error complained of.

III. Coming to the question certified by the circuit judge, we have to say that, in our opinion, the motion to dismiss the appeal ought to have been overruled. The appeal brought up the cause for a trial on its merits. Code, § 3590. The parties were clearly entitled to a retrial of the questions involved in the issue, and upon such retrial the plaintiff, if he could establish the whole amount of his claim, would have been entitled to judgment for that amount. The amount in controversy between the parties should be determined, then, from the pleadings in the case, and not from the judgment rendered by the justice. The question presented was decided in *Lundak v. Chicago & N. W. R'y Co.*, 65 Iowa, 473, and *Perry & Conger*, Id., 588.

2. APPEAL from justices' courts: jurisdiction: amount in controversy.

REVERSED.