Sterner v. Wilson & Co.

2. APPEAL to supreme court: less $100 : what considered.

---

STERNER v. WILSON & Co.

1. **Appeal from Justice's Court**: JURISDICTION: AMOUNT IN CONTROVERSY: HOW DETERMINED. For the purpose of determining the jurisdiction of the circuit court to entertain an appeal from a justice's court, the amount in controversy must be ascertained from the pleadings, and not from the evidence in the appellate court. Compare cases cited in opinion.

*Appeal from Palo Alto Circuit Court*

FRIDAY, APRIL 23.

THIS action was commenced before a justice of the peace. Plaintiff claimed $7.37 for labor performed and materials furnished for plastering a building. Defendants filed an answer in which they admitted $6.81 of plaintiff's claim. They also pleaded a counter-claim, one item of which was for $55, as damages for the negligent and unskillful manner in which they alleged plaintiff had performed a certain job of work which he had contracted to do for them. Another item was for $6.94 on account of a judgment obtained by one Wilcox against plaintiff, which they alleged had been assigned to

them. On the trial before the justice, plaintiff recovered judgment for $5. Defendant appealed from this judgment to the circuit court. On the trial of the cause in that court, defendants introduced in evidence a transcript of the Wilcox judgment; also evidence of an assignment of that judgment to them. They gave no evidence, however, which tended in any manner to establish the item pleaded in their counterclaim of $55 as damages for the negligent and unskillful performance of said work by plaintiff. After defendants rested, plaintiff filed a motion to withdraw the case from the jury, and dismiss the appeal, on the ground that the amount in controversy did not exceed $25. Defendants thereupon filed a motion for continuance, on account of the absence of a witness by whose testimony they alleged they could establish the $55 item of their counter-claim. The circuit court overruled the motion for continuance, and withdrew the case from the jury, and dismissed the appeal. Defendants appeal.

*Soper, Crawford & Carr,* for appellants.

*Thomas O'Connor,* for appellee.

REED, J.—The cause came into this court on the certificate of the circuit judge. The questions certified are whether the amount in controversy, in causes which have been appealed to the circuit court from justices of the peace, is to be determined solely from the pleadings in the cause, or whether the court may determine from the evidence introduced on the trial whether the amount in controversy between the parties exceeds $25. We are of the opinion that the question should be determined from the pleadings. Whenever one of the parties to a litigation has asserted a claim or demand in his pleadings upon which he asks relief against his adversary, and which the other party denies, in contemplation of law a controversy exists between them as to that claim or demand. The right of the party asserting the demand to establish his claim by evidence then exists, as

well as the right of the one against whom it is asserted to introduce testimony to defeat it, and the judgment which is pronounced by the court upon the claim is a final determination of the rights of the parties with reference to it; and it can make no difference, we think, that upon the trial the party asserting the demand is not able to introduce evidence to substantiate it, or that he is able to prove but a portion of his claim   The rights of the parties with reference to the demand, as it is made in the pleadings, are settled and concluded by the final judgment 'rendered in the case.   While the exact question presented may not have been heretofore determined, the principle which we think is controlling has been announced in the following cases: *Curran v. Excelsior Coal Co.*, 63 Iowa, 94; *Lundak v. Chicago & N. W. R'y Co.*, 65 Iowa, 473; *Perry v. Conger*, Id., 588; *Nichols v. Wood*, 66 Id., 225.

REVERSED.