GRANT THURSTON v. J. W. LAMB, Appellant.

Amount in Controversy on Appeal to Supreme Court. Where each party claims judgment for just one hundred dollars against his adversary, an appeal will be dismissed for want of jurisdiction. KINNE, J., took no part.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

TUESDAY, FEBRUARY 6, 1894.

ACTION for the recovery of specific personal property, it being for a horse alleged in the petition to be of the value of eighty dollars; and there is a claim for

twenty dollars for wrongful detention. The answer denies the right of the plaintiff to the possession of the horse, and admits that the defendant's claim to the possession of the horse is by virtue of a chattel mortgage, as stated in the petition. The answer contains an averment that the horse is of the value of one hundred dollars. The action was originally before a justice of the peace, and came to the district court on appeal, where the jury returned a verdict for plaintiff; assessing the value of the horse at ninety dollars, and the damages at twenty dollars. The plaintiff remitted "all of said damages," and afterwards the court rendered judgment on the verdict. The defendant appeals.—*Appeal dismissed.*

*W. H. Stivers* for appellant.

*Struble & Stiger* for appellee.

GRANGER, C. J.—There is no certificate of the trial judge, and the appellee moves to dismiss the appeal on the ground that the amount in controversy does not exceed one hundred dollars. The motion must be sustained. It is true that the amount is to be "as shown by the pleading." Taking appellant's answer as a guide, the amount is fixed at precisely one hundred dollars. It "does not exceed" that sum. We are then to look to the amount as fixed by the petition. The value of the horse is there fixed at eighty dollars, and the damage at twenty dollars, making precisely one hundred dollars. The same rule applies as to the answer. It is well settled that a party can take judgment for no more than he asks. These parties differ in their averments as to value, but each, if he recovers, is limited to his own prayer for judgment. Plaintiff asks for judgment for the value, as he alleged it. He could not properly have more. No condition could have arisen under the pleading to have justified a

judgment for more than one hundred dollars, exclusive of costs. This seems decisive of this motion. It was the duty of the jury to fix the value of the horse at whatever the testimony might show it, not exceeding the higher amount claimed, so that it might be adopted in the final judgment. The terms of the judgment do not appear in the record, so that we are not advised as to whether the judgment stands for the ninety dollars as value, or not. But, assuming that it does, it is because the right thereto was not brought in question except as to the entire amount. These views render it unnecessary to consider the effect of the *remittitur* as to damage. The motion is sustained, and the appeal DISMISSED.

KINNE, J., took no part.