A. G. KINGSBURY ET AL. V. GUS FRANZ.

FILED MAY 2, 1894.   NO. 5380.

Appeal From Inferior Courts: JURISDICTION OF APPELLATE COURTS: AMOUNT OF CLAIM. The right of appeal from the judgment of a justice of the peace upon the verdict of a jury must be determined by the amount claimed in the bill of particulars when the trial was had; and after the right of appeal had arisen and been exercised, the appeal should not be dismissed because in the appellate court there has been eliminated from consideration a part of the amount claimed.

ERROR from the district court of Dixon county.   Tried below before NORRIS, J.

*A. G. Kingsbury* and *F. M. Northrop*, for plaintiffs in error, cited: *Finch v. Hartpence*, 29 Neb., 368; *Sterner v. Wilson*, 68 Ia., 714; *Brooks v. Wright*, 19 Kan., 501; *Bethel v. Woodworth*, 11 O. St., 393.

*J. J. McCarthy, contra*, cited: *Riddle v. Yates*, 10 Neb., 510; *Nichols v. Hail*, 5 Neb., 194; *State v. Babcock*, 20 Neb., 528; *Mordecai v. Lindsay*, 19 How. [U. S.], 199; *Dowell v. Caruthers*, 26 Kan., 720; *Street v. Francis*, 3 O., 277; *Wetherbee v. Johnson*, 14 Mass., 420; *Sampson v. Welsh*, 24 How. [U. S.], 207; *Mills v. Brown*, 16 Pet. [U. S.], 525; *Fink v. Denny*, 75 Va., 663; *Hansbrough v. Stinnett*, 22 Gratt. [Va.], 593; *Tower v. Lamb*, 6 Mich., 362; *Cox v. Carr*, 79 Va., 28.

Ryan, C.

This action was begun before a justice of the peace of Dixon county, among whose docket entries in relation thereto is the following: "On the 25th day of April, 1891, the plaintiffs filed their bill of particulars, claiming from the defendant the sum of $21 for commission and abstract on sale of lots 4 and 5, block 22, city of Ponca." Upon a trial had to a jury there was a verdict and judgment for defendant, from which judgment plaintiffs appealed to the district court of Dixon county, wherein a formal petition was filed containing two causes of action. The first count of the petition was for a commission of five per cent on the sale of the above described lots, for $350; the second was for $3.50, the value of an abstract of title furnished by plaintiffs to defendant. There was an answer, in which was an admission that plaintiffs had undertaken the sale of lots as alleged in the petition, but this was coupled with a denial of performance. There was a demurrer to the second count, for the reason that it did not state facts sufficient to constitute a cause of action. The record of date February 3, 1892, contains this recitation: "Comes now the plaintiffs and confess the demurrer filed herein as to second cause of action set forth in plaintiffs' petition." On February 16, following, there was filed a motion to dismiss plaintiffs' appeal, for the reason that "plaintiffs claim less than twenty dollars," and the cause had been tried to a jury in the court below, as appeared from the transcript. This motion was sustained. Exception was taken, and there is presented in this court solely the question of the correctness of this ruling.

Section 1017 of the Code of Civil Procedure provides that appeals "shall not be allowed * * * in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars." In *Finch v. Hartpence*, 29 Neb., 368, it was held that the rights of the parties, so

30

far as they related to appeals, were to be determined by the amount claimed in the bill of particulars on the trial before the justice of the peace, and that plaintiff, by amendment of his bill of particulars after trial so as to claim less than twenty dollars, could not cut off defendant's right of appeal. The statutory provision recited should receive the same construction when the appeal is by the plaintiff as when by the defendant, and we find no warrant, after the right of appeal has accrued and been exercised, for its dismissal because of the elimination from further consideration of a part of plaintiffs' claim. This conclusion has support in the ajudications of the courts of other states. ( *Vide Lundak v. Chicago & N. W. R. Co.*, 65 Ia., 473; *Sterner v. Wilson*, 68 Ia., 714; *Brooks v. Wright*, 19 Kan., 501.) The judgment of the district court is

REVERSED.