Bates v. Phœnix Publishing Co.

C. E. BATES v. PHŒNIX PUBLISHING COMPANY.

FILED DECEMBER 16, 1896.   No. 6918.

1. **Justice of the Peace:** APPEAL: AMOUNT OF CLAIM. Whether the judgment of a justice of the peace is appealable is made by section 985 of the Code of Civil Procedure to depend upon the amount claimed by either the plaintiff or defendant in the bill of particulars filed by him before such justice, and not upon the amount for which either party may recover a judgment.

2. ———: ———: TRANSCRIPT. For the purpose of determining whether it has jurisdiction to entertain such an appeal, the district court must look, and look only, to the transcript certified to it from the justice of the peace.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Reversed.*

*B. F. Thomas*, for plaintiff in error.

*I. J. Dunn, contra.*

RAGAN, C.

The Phœnix Publishing Company recovered a judgment against C. E. Bates before a justice of the peace of Douglas county. Bates perfected an appeal to the district court. Thereupon the publishing company moved to dismiss the appeal, on the grounds "that this action is one that is not subject to appeal under the statutes, for the reason that the same is a civil action

for money and was tried in a justice court before a jury, and the amount claimed was less than twenty dollars." The district court sustained this motion and entered an order dismissing the appeal, to review which Bates prosecutes here a petition in error.

Section 985 of the Code of Civil Procedure provides: "If either the plaintiff or defendant, in his bill of particulars, claims more than twenty dollars, the case may be appealed to the district court; but if neither party demands a greater sum than twenty dollars, and the case is tried by jury, there shall be no appeal." The transcript of the proceedings had before the justice of the peace recites that the publishing company filed its bill of particulars asking judgment against Bates for $18.75 "upon a certain written contract;" that Bates filed a counter-claim asking judgment against the publishing company for $25, for damages sustained by him by reason of false statements contained in the said "sun and pen light sketches." No pleadings were filed by either party in the district court. Whether the judgment of the justice of the peace was appealable is made, by the section of the Code quoted, to depend upon the amount claimed by either the plaintiff or the defendant in the bill of particulars filed by him before the justice, and the jurisdiction of the district court is shown by the transcript of the justice; and such transcript of the proceedings had before the justice of the peace, certified to the district court, was the only thing to which the district court could look to determine its jurisdiction. That transcript recited that the defendant, before the justice of the peace, filed a counter-claim, claiming judgment against the plaintiff below for $25, and the claim made the judgment rendered appealable and invested the district court with jurisdiction. (*Kingsbury v. Franz*, 40 Neb., 400; *Moise v. Powell*, 40 Neb., 671.)

It is said here by counsel for Bates that the counter-claim interposed by him was for an alleged tort committed by the publishing company, and it seems to be his

theory that the district court was justified in entirely
disregarding this counter-claim and in considering the
case as if none had been filed.   But suppose the subject
of the counter-claim was the tort of the publishing com-
pany, still, if it constituted a cause of action in favor of
Bates and against the publishing company, and arose out
of the contract or transaction made the subject of the
publishing company's bill of particulars, or if it was con-
nected with the contract upon which the publishing com-
pany sued, it was then a counter-claim that might have
been legally urged as a defense to the action of the pub-
lishing company.   (Code of Civil Procedure, sec. 101.)
We do not know whether the counter-claim filed by Bates
stated a cause of action in his favor against the publish-
ing company, and one that he might urge as a defense
to the publishing company's action, as no copy of that
pleading is in the record.   If the publishing company
had repleaded in the district court, and Bates had then
filed his counter-claim therein, the district court would
have been in a position to determine whether the alleged
counter-claim was a valid one, and one that might be
urged as a defense to the publishing company's action;
and had it then appeared to the court that the counter-
claim urged by Bates was not a cause of action existing
in his favor and against the publishing company, or, if
a cause of action, that it did not arise out of the contract
or transactions made the basis of the publishing com-
pany's action, or was not connected with that cause of
action, then the district court might have struck that
counter-claim or answer out; but even then the district
court would not have been justified in dismissing the
appeal on the grounds that the judgment of the justice
of the peace was not appealable, and that it, the district
court, was without jurisdiction, as the defendant in the
justice court, having filed a bill of particulars and
claimed a judgment against the plaintiff below for more
than $25, by that act made the judgment rendered below
an appealable one, invested the district court with juris-

diction to hear the appeal, and was entitled to have the district court say, on appeal, as a matter of law, whether his counter-claim filed below was a valid one, and the power to so determine was jurisdictional.

It must be borne constantly in mind that section 985 of the Code makes the right to appeal from a judgment of a justice of the peace to depend upon the amount claimed by either a plaintiff or defendant in his bill of particulars, and not upon the amount which either the plaintiff or the defendant may recover a judgment for before the justice; and the appellate jurisdiction of the district court depends upon the question as to whether the judgment of the justice of the peace was appealable, and to determine that question, in the absence of new pleadings before it, the district court must look, and look only, to the transcript certified to it from the justice of the peace. This section of the Code is analogous to the acts of congress which made the right to remove an action brought in a state court to a federal court depend upon the amount in controversy. The judiciary act of 1789 provided, among other things, that if a suit should be commenced in a state court by a citizen of the state against a citizen of another state, and that the matter in dispute exceeded the sum or value of $500, exclusive of costs, that the defendant, upon complying with certain other provisions of the act, might remove the case to the federal court. A citizen of Kentucky brought a suit to the court of that state against a citizen of another state, and claimed, in his declaration, damages in the sum of $1,000. The state court denied the application of the defendant for an order removing it to the federal court, and the suit proceeded to judgment in the state court, where the plaintiff recovered $420. This judgment having been affirmed by the supreme court of Kentucky, the defendant carried the case to the supreme court of the United States, and that court, construing the judiciary act, held that the amount of damages claimed by the plaintiff in his declaration was the sum or value of the matter in

dispute; that it was the claim made by the plaintiff in his declaration which invested the defendant with a right to remove the case to the federal court, and that this claim of the plaintiff in his declaration was the only thing to which the federal court should look to determine its jurisdiction; that is, to determine whether the case was removable. (*Gordon v. Longest*, 16 Pet. [U. S.], 97.)

We think, in the case at bar, that the judgment rendered by the justice of the peace was appealable; that when the appeal was perfected the district court had jurisdiction of the action, and that it erred in dismissing the appeal, and its judgment is reversed.

REVERSED AND REMANDED.