Decided 5 June, 1899.

## TROY *v.* HALLGARTH.

[57 Pac. 374.]

JUSTICES OF THE PEACE—AMOUNT IN CONTROVERSY.—On an appeal from a justice's court, under Section 2117, Hill's Ann. Laws, the *ad damnum* clause of the complaint, and not the amount awarded by the judgment, determines the sum in controversy, where no counterclaim has been interposed by the defendant.

From Union :    ROBERT EAKIN, Judge.

Action in a justice's court by Thomas Troy against Charles Hallgarth.    From a judgment for plaintiff, defendant appealed to the circuit court, in which a judgment was rendered for defendant, and plaintiff appeals.
                                                    AFFIRMED.

For appellant there was a brief over the name of *Finn & Ivanhoe*, with an oral argument by *Mr. F. S. Ivanhoe.*

For respondent there was a brief and an oral argument by *Mr. N. C. McLeod.*

MR. JUSTICE MOORE delivered the opinion.

This action was originally commenced in the Justice's Court of Elgin District, Union County, to recover damages alleged to have been sustained by reason of defendant's sheep breaking into plaintiff's inclosure and destroying his hay of the reasonable value of $24.    The answer, after denying upon information and belief the material allegations of the complaint, avers that, if the

sheep destroyed plaintiff's hay, it was because he did not maintain a lawful fence around the same. The reply having put in issue the allegations of new matter contained in the answer, a trial was had, resulting in a judgment for plaintiff in the sum of $6, from which the defendant appealed. In the circuit court, plaintiff, contending that the amount in controversy was insufficient to confer jurisdiction, moved to dismiss the appeal; but, the motion being overruled, a trial was had, resulting in a verdict for defendant, and from the judgment thereon plaintiff appeals to this court.

The only question presented for consideration is whether the trial court had jurisdiction of the appeal. The statute, as far as applicable to the case at bar, reads as follows : "Either party may appeal from a judgment given in a justice's court in a civil action, when the sum in controversy is not less than $10, or for the recovery of personal property of the value of not less than $10, exclusive of costs in either case :" Hill's Ann. Laws, § 2117. No counterclaim having been interposed, plaintiff's counsel contend that the sum in controversy, as far as defendant is concerned, is $6, the amount for which judgment was given, while defendant's counsel insist that the sum in controversy is the amount demanded in the complaint. It is impossible to reconcile the conflict in the decisions upon the subject under consideration ; some courts holding that when an appeal is taken by the defendant, provided he has filed no counterclaim and sought no affirmative relief in the trial court, the judgment there rendered is the amount in controversy: 1 Enc. Pl. & Prac. 732 ; *Hilton* v. *Dickinson*, 108 U. S. 165 (2 Sup. Ct. 424). In *Lord* v. *Goldberg*, 81 Cal. 597 (15 Am. St. Rep. 82, 22 Pac. 1126), an action having been instituted to recover the sum of $6,000, the defendant denied the material allegations of the complaint, and set

up a counterclaim of $251, whereupon a trial was had, resulting in a judgment for plaintiff in the sum of $190, from which the defendant appealed. Plaintiff's counsel, contending that the counterclaim, being less than $300, was insufficient to confer jurisdiction, moved to dismiss the appeal; but it was held that the sum in controversy was the amount demanded by plaintiff in his complaint, the court saying: "The power of this court to hear and determine the matter in controversy here is in no way dependent upon the counterclaim set up by defendant. Under our present constitution and laws, where an action is brought to recover a money demand, the *ad damnum* clause of the complaint is the test of jurisdiction. If the amount sued for is large enough to give the superior court jurisdiction, the supreme court has jurisdiction on appeal; and this is so whether the appeal be taken by the plaintiff or defendant."

In *Perry* v. *Conger*, 65 Iowa, 588 (22 N. W. 688), an action having been commenced in the justice's court to recover the sum of $24.50, the answer contained a general denial, and also set up a counter-claim of $30, and upon a trial of the cause defendant recovered judgment for costs, from which plaintiff appealed. The circuit court dismissed the appeal on the ground that the amount in controversy did not exceed the sum of $25, and plaintiff appealed to the supreme court, which, in reversing the judgment, say: "The trial, of course, is upon all the issues raised by the pleadings. The case therefore stood upon the appeal, as to the amount in controversy, just as it did before the justice of the peace. In each court the defendant could have recovered a judgment for $30. By appealing the plaintiff recognized the right of defendant to recover such a judgment in the circuit court, if the proof should demand it: *Lundak* v. *Chicago & N.W. Ry. Co.*, 65 Iowa, 473 (21 N.W. 783).

It therefore clearly appears that the amount in contro-
versy, both before and after the appeal from the justice
of the peace, exceeded $25." "The amount in contro-
versy between the parties," says Mr. Justice REED in
*Nichols* v. *Wood*, 66 Iowa, 225 (23 N. W. 641), "should
be determined, then, from the pleadings in the case, and
not from the judgment rendered by the justice." The
weight of authority, and the better reason, in our judg-
ment, support the doctrine that the *ad damnum* of the
complaint, and not the amount awarded by the judg-
ment, affords the test of jurisdiction, and determines the
sum in controversy, on an appeal from a judgment given
in the justice's court, when no counter-claim is inter-
posed by the defendant : 1 Enc. Pl. & Prac. 703 ; *Max-
field* v. *Johnson*, 30 Cal. 545 ; *Solomon* v. *Reese*, 34 Cal.
28 ; *Pennybecker* v. *McDougal*, 48 Cal. 160 ; *Pitkin* v.
*Flowers*, 2 Root, 42 ; *Inhabitants of Newton* v. *Inhabitants
of Danbury*, 3 Conn. 553.

If, on an appeal from a judgment given in a justice's
court, the appellate tribunal were limited to a considera-
tion of the errors alleged to have been committed, there
might be some reason for holding that the judgment ren-
dered was the measure of the sum in controversy, for in
such case the court would be powerless to modify the
judgment except by reversal, whereupon the cause would
be remanded for a new trial ; but in this state, when an
appeal is perfected, the circuit court is required to hear,
try, and determine the cause anew, without regarding
any error of the justice in relation to the trial of the case :
Hill's Ann. Laws, § 2127. This being so, when an ap-
peal is taken by a defendant from a judgment rendered
in the justice's court in favor of plaintiff for a part only
of his demand the circuit court is empowered, upon a
retrial of the cause, to award the whole amount of his
demand, and this confirms us in the belief that the sum

in controversy, when no counter-claim is interposed, is the amount demanded in the complaint. No error having been committed by the trial court, it follows that the judgment is affirmed.          AFFIRMED.

Decided 31 July, 1899.