GEORGE D. HENRY v. THE CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY, Appellant.

**Justices of the peace:** APPEAL: JURISDICTIONAL AMOUNT. In an
1   action before a justice of the peace, a remittitur made before
entry of judgment, of all claims in excess of $25.00, precludes

an appeal even though the justice enters judgment for more than that amount.

**Correction of justice's record on appeal.** On appeal from a justice, 2 the appellate court may supply the justice's omission to enter of record an oral remittitur of all claims in excess of $25.00, upon a showing that such remittitur was made.

*Appeal from Jefferson District Court.*— HON. ROBERT
SLOAN, Judge.

FRIDAY, JUNE 9, 1905.

THE plaintiff commenced two suits before a justice of the peace, in one of which he asked a judgment for $30.35, and in the other judgment for $33. Default was made in both, and before judgments were entered the plaintiff orally remitted in each case the amount claimed in excess of $25, and judgment for said sum, with costs, was entered in each case. The costs included an attorney's fee also. The remittitur was not entered on the docket, and the defendant appealed in both cases. After they had reached the district court, the plaintiff filed motions to supply the omissions of the justice in his docket entries, and to dismiss for want of jurisdiction after the omissions were supplied. The court heard evidence as to the remittitur before the justice. It was undisputed, and the omissions were unquestionably established. Thereupon both appeals were dismissed, and the defendant appeals in both cases.— *Affirmed.*

*Carroll Wright, John I. Dille,* and *R. J. Wilson,* for appellant.

*Ralph H. Munro,* for appellee.

SHERWIN, C. J.— No appeal from a justice of the peace shall be allowed when the amount in controversy does not exceed $25. Code, section 4547. Ordinarily the amount in controversy is determined by the pleadings, or by the respective oral claims of the parties to the suit. *Lundak v. C.*

& N. W. Ry. Co., 65 Iowa, 473; Sterner v. Wilson, 68 Iowa, 714. But this is not always the test. Thus, in Young v. McWaid, 57 Iowa, 101, the defendant admitted a part of the plaintiff's claim by tender, and it was held that the amount in controversy was the claim contested by the parties, and not the original claim. In Milner v. Gross, 66 Iowa, 252, the justice rendered a judgment for $35, and afterwards, on the same day, and before an appeal was taken, the plaintiff remitted all thereof in excess of $24.99. It was held that the remittitur discharged all of the debt in excess of $24.99, and that an appeal would not lie. The rule is followed in Bateman v. Sisson, 70 Iowa, 518; Vorwald v. Marshall, 71 Iowa, 576; Knox v. Nicoli, 97 Iowa, 687; Young v. Stuart, 104 Iowa, 597.

It is contended that there was no authority for allowing an attorney's fee as a part of the costs, and that consequently the judgment was in fact for $35 and the costs. It is apparent that the justice undertook to make the attorney's fee a part of the costs, but, however this may be, the remittitur renounced all claim for judgment in excess of $25, and, under the authorities cited, an appeal will not lie, even though the justice render judgment for more than is claimed. Young v. Stuart, supra.

Section 4557 of the Code provides that, "where an omission or mistake has been made by the justice in his docket entries, . . . the court to which the appeal is taken may correct the mistake or supply the omission or direct the justice to do so." This section is authority for supplying the omission to enter the oral remittitur upon unquestionable proof that it was made, and, if the justice after such remittitur made a mistake in his docket entries, it will not change the rule as to the amount in controversy or as to the right to appeal.

The appeals were rightly dismissed, and the judgments in both cases are affirmed.