PORTER MORROW, Appellee, v. JOHN BELL, Appellant.

**JUSTICE OF THE PEACE:** Appeal—Amount in Controversy—How
1 **Determined.** ·An appeal from the judgment of a justice of the peace does not lie unless the amount in controversy exceeds $25.00 (Sec. 4547, Code, 1897). To determine this amount it is not permissible to add together the amount claimed by plaintiff and the amount claimed by defendant as a counterclaim.

*Appeal from Harrison District Court.*—HON. E. B. WOODRUFF, Judge.

THURSDAY, APRIL 8, 1915.

APPEAL from the ruling of the district court dismissing defendant's appeal.—*Affirmed.*

*Cochran & Barrett,* for appellants.

*L. W. Fallon,* for appellee.

PRESTON, J.—The suit was brought in justice court. Plaintiff's petition claimed $20.00, which was denied by the answer, and defendant claimed $6.50 on a counterclaim, which was denied by plaintiff. Judgment was rendered by the justice for $20.00 against the defendant, and defendant appealed to the district court. Plaintiff filed a motion to dismiss the appeal on the ground that the amount in controversy was less than $25.00, and the motion was sustained. The trial court allowed a certificate of appeal to this court.

The argument for appellant is that Sec. 4547 of the Code provides, in reference to appeal from justice court, that no such appeal shall be allowed when the amount in controversy

does not exceed $25.00. And appellant says that this section has been construed by the Supreme Court as meaning the amount in controversy as claimed by the pleadings, using the plural and thereby referring to the petition and answer. They cite: *Nichols v. Wood,* 66 Iowa 225; *Lundak v. Railway,* 65 Iowa 473; *Perry v. Conger & Norris,* 65 Iowa 588.

They argue that the amount in controversy, therefore, as shown by these pleadings, would be $20.00 plus $6.50, or $26.50, and that, upon this theory, the motion to dismiss should have been overruled.

The point decided in the cases cited is that the amount in controversy should be determined from pleadings in the case, and not from the judgment rendered by the justice. In the last case, the plaintiff's claim was for $100.00 damages, but on the trial, plaintiff recovered judgment for five cents damages, and the costs, which were taxed at $27.00. The trial court dismissed the appeal on the ground that the amount in controversy was less than $25.00. The plaintiff had claimed $100.00, and on appeal was entitled to retrial of the questions involved, and it was held that, if plaintiff could establish the whole amount of his claim, he would be entitled to judgment for that amount. The amount in controversy must be determined by the pleadings. Ordinarily this is determined by the amount claimed by plaintiff in his petition.

It is stated in Cyc. that, broadly, the amount involved in controversy is the highest sum, according to the statutory limitation, for which judgment can be rendered. 2 Cyc. 555.

It is also said, at page 558, same volume of Cyc., that it is not always the sum demanded or claimed which controls, but that which is actually in controversy between the parties as the case stands in the appellate court, to ascertain which the appellate court may look into the entire record; or, as otherwise stated, the amount is determined by the case as it stands in the appellate court rather than by the amount in controversy in the lower court. As bearing somewhat upon this, see also *Pierce v. Wade,* 100 U. S. 444, 25 L. Ed. 735.

The fact that a counterclaim is filed has a bearing. While it is true, in a sense, as claimed by appellant, that plaintiff is demanding $20.00 and the defendant $6.50, and that this entire matter is in controversy, yet the largest judgment that could possibly be rendered would be $20.00, and that would be in case the plaintiff succeeded and the defendant was unsuccessful. If both established their claim, the amount would be $13.50, because the recovery by defendant on his counterclaim would necessarily have to be offset against the plaintiff's recovery.

But, after all, we think the question is ruled by our Iowa cases. The precise point presented has not been determined. But Sec. 4110 of the Code, in regard to appeals to the Supreme Court, provides that no appeal shall be taken in any case in which the amount in controversy between the parties, as shown by the pleadings, does not exceed $100.00, etc. This statute uses the words ''as shown by the pleadings,'' using the plural, just as appellant contends in regard to Sec. 4547 and the cases cited. Under the section referred to, in regard to appeals to the Supreme Court, it has been held that the amounts of the original claim and counterclaim cannot be added together in determining the amount in controversy. *Madison v. Spitsnogle,* 58 Iowa 369; *Fox v. Duncan,* 60 Iowa 321. See also: *Thurston v. Lamb,* 90 Iowa 363; *Central City v. Treat,* 101 Iowa 109.

The judgment of the district court is—*Affirmed.*

DEEMER, C. J., EVANS and SALINGER, JJ., concur.