## THE CITY OF CENTERVILLE v. DRAKE.

1. **Appeal:** AMOUNT IN CONTROVERSY: JURISDICTIONAL TEST: CERTIF-
ICATE. Was it possible for either party to obtain a judgment for more
than $100? This is the jurisdictional test upon an appeal, without the
certificate of the trial judge as to a question of law. More than one
question may be submitted in a case, but the several questions must be
specifically stated so that this court can determine the precise questions
of law submitted. Questions of law and fact cannot be mingled and
called a question of law.

*Appeal from Appanoose District Court.*

FRIDAY, JUNE 9.

ACTION under the ordinance of the plaintiff, under which it
was sought to recover $91.57. Among other things, the de-
fendant pleaded a counter-claim and sought to recover $100.
Tried by jury, judgment for plaintiff, and defendant appeals.

*A. J. Baker* and *Tannehill & Lee*, for appellant.

*Vermillion & Vermillion*, for appellee.

SEEVERS, CH. J.—I. The trial judge gave a certificate stating
there was a question involved, as to which it was desirable to
have the opinion of the Supreme Court. The
appellee insists such certificate is essential in
order to give this court jurisdiction, while the ap-
appellant claims it is not because the amount in
controversy, as shown by the pleadings, is more than one
hundred dollars. Under no circumstances was it possible for
either party to obtain judgment for more than one hundred
dollars; and it has been held this is the jurisdictional test.
*Madison v. Spitsnogle, ante,* p. 369. Following this case,
we must hold a certificate to be essential to give this court
jurisdiction.

II. The jury found a general verdict for the plaintiff, and

made certain special findings. The plaintiff filed a motion to set aside one of the special findings, and render judgment in its favor on the other finding for $91.57, because,

" *First.* The special verdict in favor of the defendant is contrary to the evidence, and is against the weight of the evidence.

" *Second.* The special verdict in favor of defendant is contrary to law.

" *Third.* The special verdict in favor of defendant is contrary to paragraphs, Nos. 8, 10, 11, 13 and 14, of the charge of the court to the jury.

" *Fourth.* The special verdict in favor of defendant is inconsistent with the general verdict and the special verdict in favor of plaintiff for. $91.57."

The defendant also filed a motion to set aside the general verdict and for judgment on the special verdict for defendant for $35.57, upon the grounds:

" *First.* The general verdict is against the evidence and the weight of evidence.

" *Second.* The general verdict is contrary to the law as embraced in the instructions of the jury, and particularly is inconsistent with 2d, 3d, 5th, 14th, 15th, 16th and 17th instructions given by the court.

" *Fourth.* The special verdict is inconsistent with the general verdict in favor of the plaintiff."

The court sustained the plaintiff's motion and overruled the defendant's.

The certificate of the trial judge is as follows: That this cause "involves a determination of a question of law upon which it is desirable to have the opinion of the Supreme Court. Said question of law is the correctness or error of the court in sustaining the motion of the plaintiff to set aide the general verdict of the jury in favor of the plaintiff, and for judgment on the special proceedings of the jury in favor of plaintiff for $91.57, and the overruling of the motion of the defendant to set aside the general and special verdict or

finding in favor of plaintiff, and for judgment on the special verdict for $35.57 in favor of the defendant." It is evident that more than one question is involved in the certificate, and that to affirm we must consider all the questions presented by counsel which are included in the certificate. The court certifies there is *a* question of law upon which it is desirable to have the opinion of the court. While the statute, Code, § 3173, so provides, it is evident there may be more than one question in a case upon which the opinion of the Supreme Court may be desired. It was not the intent that but a single question should be certified. But it is for the trial judge to certify upon what questions of law, not of fact, he desires the opinion of this court. The several questions must be so stated that this court can readily ascertain the point we are to determine, and that it is a question of law. Questions of law and fact cannot be mingled together under the guise of a question of law. We have nothing to do with the facts or jurisdiction to determine them. Beyond controversy the questions certified, or some of them, at least, involve the determination of facts. Now, whether it is such a question, or one of law, we are asked to determine, we cannot tell. Besides this, we incline strongly to the opinion, no question of law is certified.

APPEAL DISMISSED.