## KURTZ & BITTINGER v. HOFFMAN.

1. **Appeal to Supreme Court:** AMOUNT IN CONTROVERSY: JURISDICTION. Where the petition claimed less than $100, and the answer alleged payment of more than $100, but did not set up a counter-claim, nor ask judgment against plaintiff for any balance, the amount in controversy was less than $100; and this court has no jurisdiction to entertain an appeal in such case, without the certificate of the trial judge required by § 3173 of the Code, even though the case was tried below, and is presented in this court, on the theory that the answer did plead a counter-claim.

2. ———: ———: ———: COUNTER-CLAIM ABANDONED. In the case above stated, even if it were admitted that the answer pleaded a counter-claim for more than $100, yet, if defendant failed to support it by any evidence, he thereby abandoned it, and the amount claimed therein could no longer be said to be "in controversy," within the meaning of § 3173 of the Code.

*Appeal from Linn Circuit Court.*

SATURDAY, DECEMBER 6.

ACTION upon an account for goods and merchandise. There was a judgment upon a verdict against defendant, from which he appeals.

*Charles W. Kepler*, for appellant.

*Davis & Brooks*, for appellee.

BECK, J.—I. The petition declares upon an account, and claims to recover thereon $83. The account is made an exhibit, which shows certain credits, and that there is a balance due plaintiffs, which they seek to recover in this action. The answer denies " the correctness of all items charged against defendant," and alleges that he " is entitled to a further credit of $125 on account of wood sold." The answer also pleads the bar of the statute of limitations. It does not set up a counter-claim, and asks no judgment against plaintiff, except for costs.

*1. APPEAL to supreme court: amount in controversy: jurisdiction.*

II. Upon this statement of the contents of the pleadings, it clearly appears that " the amount in controversy between the parties, as shown by the pleadings, does not exceed $100." Code, § 3173, provides that in such a case an appeal will not lie except upon the certificate of the judge, which was not given in this case. While the allegations of the answer show that defendant's account exceeds $100, yet he claims no judgment thereon; he simply shows by his answer that he has paid plaintiff a sum exceeding $100, and seeks upon this allegation to defeat plaintiff's claim, which is less than $100. The amount in controversy, therefore, is less than $100. The defendant, in fact, pleaded no counter-claim in his answer. He simply sets up the item of his account as payment *pro tanto* upon plaintiff's claim.

III. But plaintiff's counsel admit that the answer does plead a counter-claim, and the court below was also led into that view. But we are not bound to adopt this erroneous conclusion. Because counsel for plaintiff, in their argument in support of the decision of the court below, take an errone-

Kurtz & Bittinger v. Hoffman.

ous position, we are not bound to reverse the judgment, when their exist other reasons, which are sound, requiring its affirmance.

IV.   But, even should we adopt the view of counsel and the court below, we are of the opinion that, in the case as tried, the sum claimed by plaintiff was the only amount in controversy.   The court below directed the jury that defendant's counter-claim should not be considered, for the reason that no testimony in support thereof was introduced in evidence upon the trial. This instruction was not excepted to, nor is it complained of in this court.   The fact it recites must be regarded as a verity.   By failing to support by evidence his counter-claim, if it was pleaded, defendant abandoned it.   There was, therefore, at the trial no amount in controversy exceeding plaintiff's claim.   Now, if defendant really pleaded the counter-claim, and on the trial abandoned it, or admitted that he was not entitled to recover thereon, or in any other way withdrew it from the consideration of the court, the amount set out in his pleading as a counter-claim was not in controversy.   Not only must the pleadings show a sum in excess of $100 to be involved in the suit, but that sum must be in controversy. It cannot be so regarded if, by admission at the trial, or abandonment of the claim, it is withdrawn from the consideration and decision of the court.

We reach the conclusion that we have no jusisdiction in the case.   The appeal, therefore, must be

DISMISSED.