## BUCKLAND v. SHEPHARD & Co.

Appeal: JURISDICTION: AMOUNT IN CONTROVERSY: CASES CONSOLI-
DATED.    Plaintiff brought two successive actions in justice's court
against defendants, and from the judgment rendered in the first
case the plaintiff appealed to the district court, and from the judg-
ment rendered in the second case the defendants appealed.    In the
district court the causes were consolidated, by consent, and new
pleadings were filed, the plaintiff in his substituted petition claim-
ing $4.62 for turkeys, and $63.99 for corn.    Defendants admitted
the claim for corn, but denied liability for turkeys, and pleaded a
counter-claim, which plaintiff denied.    There was a verdict and
judgment for plaintiff for $47.93, from which defendant appeals to
this court, but there is no certificate of the trial judge.    *Held—*

   (1) That as to the question of jurisdiction in this court, the
       consolidated case should be regarded the same as if it had
       originated in the district court.

   (2) That, as there could not have been a judgment under the
       pleadings for either party for one hundred dollars in the
       trial court, the amount in controversy was less than that
       amount, and that this court has no jurisdiction in the
       absence of a certificate.    (Compare cases cited in opinion.)

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

FILED, MAY 11, 1889.

THE plaintiff commenced suit in justice's court to
recover seventy-five dollars, balance due for corn.    The
defendants admitted $63.99 due to plaintiff, and pleaded
a counter-claim for $111.15.    The plaintiff not appearing,
the justice entered judgment dismissing his cause of
action, and rendering judgment in favor of defendants for
$24.44, from which the plaintiff appeals to the district
court.    Afterwards the plaintiff commenced suit before
a justice of the peace, claiming eighty-five dollars as the
balance due him for corn, and for turkeys sold to
defendants, to which the defendants answered, setting
up the judgment in the first suit.    Plaintiff demurred,

the demurrer was sustained, and, defendants refusing to further plead, judgment was rendered in favor of the plaintiff for $68.17 and costs, from which the defendants appealed to the district court. In the district court plaintiff's motion to dismiss the appeal in the last case was overruled, and defendants' motion to consolidate the two cases was sustained by consent, and by consent the plaintiff was given thirty days to file an amended and substituted petition, including both cases; the defendant thirty days thereafter to file substituted answer and counter-claim; and the plaintiff until August 25, 1888, to reply. The plaintiff filed a substituted petition asking to recover $4.62 for turkeys, and $63.99, balance due on corn, making $68.61. The defendants admitted the balance due on corn; denied every allegation not admitted, thereby denying the claim for turkeys; and pleaded a counter-claim for $102.06, which the plaintiff denied. Upon these issues the case was submitted to a jury. Verdict for plaintiff, $47.93. Defendants appeal. On the trial the defendants conceded that plaintiff was entitled to be allowed the amount claimed in his petition, subject to their right to recover on their counter-claim.

*John N. Weaver*, for appellants.

*Murphy & Fort*, for appellee.

GIVEN, C. J.—Appellee contends that this court has no jurisdiction to entertain this appeal, for the reason that the amount in controversy, as shown by the pleadings, does not amount to one hundred dollars, and there being no certificate of the trial judge. The consolidation of the two cases from the justice's court and the filing of pleadings in the district court having been by consent, we consider the case the same as if originally brought in the district court. Code, section 3173, relating to appeals to this court, provides: "But no appeal shall be taken in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed one hundred dollars, unless

the trial judge shall certify that such cause involves the determination of a question of law upon which it is desirable to have the opinion of the supreme court." There being no certificate in this case, the question turns upon whether the amount in controversy, as shown by the pleadings, exceeds one hundred dollars. The amount in controversy is to be determined upon the pleadings alone. *Ormsby v. Nolan*, 69 Iowa, 133. By the pleadings, the plaintiff's claim is admitted, except as to the $4.62; the defendant's counter-claim of $102.06 is denied. In *Alsip v. Hard*, 38 Iowa, 697, the plaintiff claimed $324.40. The defendant admitted the claim, and pleaded a counter-claim of one hundred dollars. The court says: "There being no controversy upon the claim of the plaintiffs, we must regard the counter-claim of the defendants as the amount in controversy in the action, and, since defendants' amount does not exceed one hundred dollars, no appeal lies to this court." In *Madison v. Spitsnogle*, 58 Iowa, 369, the plaintiff claimed sixty dollars, and the defendant, a counter-claim of fifty dollars, each denying the claim of the other. In deciding the question of amount in controversy, the court says: "By combining the claims of both parties, there was one hundred and ten dollars in controversy; but both parties do not invoke the jurisdiction of this court, and we think the true construction of the statute is that it must appear from the pleadings that it was possible for the justice, consistently with the pleadings, to render judgment against one of the parties to the action for more than one hundred dollars. It is certain this could not have been done." This case was followed in *City of Centerville v. Drake*, 58 Iowa, 564, wherein the plaintiff sought to recove $91.57, to which the defendant pleaded a counter-claim of one hundred dollars. There is no conflict between these cases. In the one it was simply held that the amount claimed in the counter-claim being the only sum in controversy, and that not exceeding one hundred dollars, there was no appeal. In the other it was held that, unless, consistent with the pleadings, judgment exceeding one hundred dollars can be entered,

there can be no appeal.   In this case the counter-claim is for more than one hundred dollars, and is in controversy ; yet with the admission of the plaintiff's claim it is not possible, under the pleadings, to render judgment against either party for more than one hundred dollars, and hence the case is within the rule laid down in *Madison v. Spitsnogle*, and it is not appealable to this court without certificate,—the amount in controversy, as shown by the pleadings, not exceeding one hundred dollars.   The appeal is                     DISMISSED.