G. W. DAVIS, Appellant, v. M. K. PICKERELL ET AL.

**Highways:** UNDERGROUND CATTLEWAY: CHANGE IN LOCATION. A landowner who has exercised the right granted by the supervisors and constructed a cattleway under the highway, cannot abandon the same and construct another at a different location without a new action of the supervisors.

**Same:** OBSTRUCTION: REMOVAL. An underground cattleway is an obstruction to the highway, which, when unlawfully constructed may be removed by the road supervisor, together with fences erected in connection therewith.

*Appeal from Mahaska District Court.*— HON. K. E. WILCOCKSON, Judge.

THURSDAY, JULY 9, 1908.

THE plaintiff appeals from a ruling by which a demurrer to his petition was sustained.— *Affirmed.*

*J. O. Malcolm* and *D. C. Waggoner,* for appellant.

*J. C. Williams* and *Lacey & Lacey,* for appellees.

LADD, C. J.— Plaintiff is owner of the W. ½ of the N. W. ¼ and the N. W. ¼ S. W. ¼ of section 21 in town-

ship 74 N. range 17 W. of fifth P. M.    Between these tracts

1. HIGHWAYS: underground cattle way: change in location.

is a public highway under the surface of which about twenty-five years ago, he constructed a causeway three feet wide and fourteen feet long, through which his stock passed from the south forty acres to the land north of the road.    This was by permission of the board of supervisors of the county, orally given, and was continued until 1906, when, becoming unsuitable for the purpose, owing to drainage through it by the highway authorities, plaintiff constructed another causeway fifteen or twenty rods west of the first, which in June, 1907, was removed by the defendant Pickerell, a road superintendent of the township, with the approval of the other defendants, who are the township trustees.    To the petition stating these facts and praying for damages a demurrer was interposed and sustained.    The points raised in argument are (1) whether the original permission or license to construct the first causeway was authority to erect the last; and (2), if not, whether defendant was authorized to remove it as an obstruction to the highway.    The board of supervisors is given general supervision of the highways in the county.    Section 1483, Code, "Upon application by any person to the Board of Supervisors of any county for permission to construct a cattleway across, over or under any public highway the board may grant the same; provided said cattleway shall not interfere with the travel upon said highway; but the person who applied for said cattleway shall construct the same at his own expense and be responsible for all damages that may arise from its construction or from the same not being kept in good condition, and that the grade of the highway over the cattleway shall not exceed one foot in ten."    Section 1, chapter 111, 16th Gen. Assem.; Section 1524, Code.    This statute, in authorizing the construction of a cattleway with permission of the board of supervisors, impliedly prohibits the construction of a cattleway without such permission, and, as held in *Gould v. Schermer,* 101 Iowa, 589, the erection of the last

cattleway constituted a nuisance. Even though plaintiff had the fee in the highway, it was subject to the easement of the public, and he could not interfere with its proper control by the board of supervisors and road officers. That plaintiff was permitted to construct a causeway some twenty-five years ago gave him no right to put in that removed, even though such permission did not definitely locate the place. The place of the first was determined by its construction in accordance with plaintiff's election and acquiesced in by the county. This fixed it as definitely as though designated by a resolution of the board. The permission contemplated is not general or continuing, but has reference to a particular way, and, when granted and acted upon, furnishes no authority for the construction of another at a different place, especially after the lapse of twenty-five years. See section 1525, Code, providing for the care of such cattleway.

That an excavation in the highway constitutes such an obstruction as the road supervisor is authorized to remove requires no argument. *Elzig v. Bales,* 135 Iowa, 208; 15 Am. & Eng. Ency. Law (2d Ed.) 500. The road supervisor is authorized by section 1560, Code Supp. 1907, to " remove all obstructions in the road," and this includes those of every kind: The petition alleges that the causeway first constructed was not an obstruction, and that the last and the fences were not direct obstructions. What is meant by this is not clear, but the clear inference is that they may have been indirect obstructions. We take it the pleader intended to say that because of covering of the way travelers might pass over, and therefore, though an obstacle, it did not prevent travel. But as often defined, obstruction means the placing of an obstacle in the way, or an impediment or hindrance which impedes, embarrasses, opposes, or interferes with the free passage along the highway. *Overhouser v. American Cereal Co.,* 118 Iowa, 417; *Patterson v. Vail,* 43 Iowa, 142; *Chase v. City of Oshkosh,* 81 Wis. 313 (51 N. W. 560, 15 L. R. A. 553, 29 Am. St. Rep. 898).

2. SAME: obstruction: removal.

To say that a thing is not a direct obstruction does not nega-
tive the inference, to be drawn from the nature of the ob-
ject, that, if in the street or highway, it is an obstruction such
as contemplated by the statute.    But the section of the Code
last referred to forbids the road supervisor from throwing
down or removing " fences which do not directly obstruct
travel until notice in writing not exceeding six months has
been given the owner or agent of the land inclosed in part
by such fence."    The fences removed, however, were erected
in connection with the causeway,. " protecting fences," as
denominated in the petition, and not inclosing the land " in
part," save as they extended from the line fence to the cattle-
way.    It is nowhere alleged that the fences removed con-
stituted a part of those bounding plaintiff's land, and we
cannot assume that the officer did otherwise than perform his
duty, as is always presumed in the absence of any showing to
the contrary, in removing the fences leading out to the un-
lawful cattleway.    The ruling on the demurrer was correct.
— *Affirmed.*