J. E. Davis, Appellant, v. John Laughlin et al., Appellees.

**Appeal:** JURISDICTION: AMOUNT IN CONTROVERSY. To authorize an appeal from the district court without a certificate the amount in controversy must exceed one hundred dollars, but the amount in controversy is to be determined from the pleadings including counterclaims. In this action to enjoin defendant township trustees from paying out township money, and to compel them to replace money already expended, the amount involved as shown by the pleadings is held sufficient to confer jurisdiction on appeal without a certificate.

**Townships:** EMPLOYMENT OF COUNSEL BY TRUSTEES: COMPENSATION: STATUTES. There is no express statutory authority for township trustees to pay out township funds for attorney's fees in defense of an action to enjoin the work of draining a highway and otherwise improving the same. Nor have they implied authority to employ attorneys in such cases and to pay for their services from the general fund, or to levy a tax to meet such expenses. As there is a statute for the payment of attorney's fees in certain actions against township trustees and authorizing the levy of a tax to meet the same, the rule obtains that in cases not enumerated in the statute the trustees have no such authority.

*Appeal from Mahaska District Court.*—HON. K. E. WIL-
COCKSON, Judge.

THURSDAY, FEBRUARY 17, 1910.

REHEARING DENIED SATURDAY, MAY 14, 1910.

ACTION to. compel defendants, who are township trus-
tees, to replace certain money taken .by them out of the
township funds; for an injunction to restrain them from
making future withdrawals; for a writ of mandamus to
compel them to return the funds already taken; and for
other equitable relief. Defendants denied the allegations
of the petition, and pleaded a counterclaim for damages
on an injunction bond. The trial court ·found for plain-
tiff as to one item amounting to $22.50 and denied any
other relief. It also dismissed defendants' counterclaim.
Plaintiff appeals.—*Reversed* and *remanded.*

*J. O. Malcolm* and *D. C. Waggoner,* for appellant.

*J. C. Williams* and *Lacey & Lacey,* for appellees.

DEEMER, C. J.—I. The items paid out by defend-
ants as township trustees, of which plaintiff complains
and which were not allowed by the trial court, are as
follows:

Costs paid in case brought by plaintiff against the
    defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $6.30
For making survey in said case. . . . . . . . . . . . . . . . . .   4.00
Attorney's fees and expenses paid to J. C. Williams
    and J. F. Lacey in said case. . . . . . . . . . . . . . . . . .  92.00

Defendants say, however, that according to the record
and the testimony adduced but $97.30 is involved, and
that - the appeal should be dismissed because less than

$100 is involved, and the trial court did not give a certi-

**1. APPEAL: jurisdiction: amount in controversy.**

ficate of appeal. They base their claim upon section 4110 of the Code, which provides, in substance, that no appeal shall be taken when the amount in controversy does not exceed $100 unless the trial court give a certificate allowing the appeal. The amount in controversy is to be determined from the pleadings including the counterclaims. *Hancock v. Hancock,* 134 Iowa, 475; *Wald v. Wald,* 124 Iowa, 183; *Schultz v. Ford Bros.,* 133 Iowa, 402. Defendants in their counterclaim, asked judgment for $100, and this added to plaintiff's makes more than $100. Moreover the action is in equity, and plaintiff asked an order enjoining defendants from paying out any more money from the township treasury. We are constrained to hold that we have jurisdiction of the appeal. See, as sustaining this view, *Dist. Tp. v. Independent Dist.,* 72 Iowa, 687; *Miles v. Tomlinson,* 110 Iowa, 322.

II. It appears from the record that during the year 1907 defendants Laughlin, Odem, and Moran were trustees of a certain township in Mahaska County, Iowa, and

**2. TOWNSHIPS: employment of counsel by trustees: compensation: statutes.**

that during the same years defendant Mc-Crea was clerk. Plaintiff is a resident landowner and taxpayer in said township. In the year 1907 plaintiff's wife brought action against the defendant trustees and a road supervisor to enjoin them from cutting and digging ditches along a highway near her land, in which she claimed that they had directed the road supervisors to do the work without authority of law and to their injury. It also appears that during the same year one Geo. Davis brought action against the same defendants to enjoin them from filling or destroying a sub or runway for his (plaintiff's) stock, and from tearing out fences designed to protect said subway across and under the highway. It was charged that defendants, as trustees, advised and directed the road super-

visor to do the work complained of. The township trustees employed J. C. Williams and J. F. Lacey to defend these suits, and they appeared and made defense thereto. They also paid $6.30 as court expenses, and also paid $4 for having a survey made of the road involved in the *Laura Davis* case. They also paid their attorneys $20 in the *Laura Davis* case, and in the other case they paid Lacey $30 as attorney's fees, and Williams $37 as attorney's fees and expenses, and it is claimed that since then warrants for the sum of $50 have been issued to Williams & Lacey for attorney's fees. The injunction in the *Laura Davis* case was dissolved and the petition in the *Geo. Davis* case was dismissed. The latter case came to this court, and the opinion filed therein will be found in 139 Iowa, 186. Upon this state of facts plaintiff contends that defendants had no authority to pay costs or attorney's fees out of the township funds, and that defendants should be ordered to return the amount paid out by them to the township treasury and enjoined from making any further payments. One or more items which the court found were illegally paid we shall not consider on this appeal.

The broad claim is made that the township trustees have and had no authority to pay attorney's fees or the costs incurred in the suit brought against them as such trustees out of the township funds; and this is the only question in the case. It is true, of course, that a township is not a body corporate, and that it can not sue or be sued. *Hanson v. Cresco,* 132 Iowa, 540. But its officers are required by law to perform certain duties which are conferred upon them by statute. They are also given power to certify or levy taxes for certain specified purposes. The material statutes read as follows:

Sec. 574. The township trustees are the overseers of the poor, fence viewers, and the township board of equal-

ization, and board of health, and shall have charge of all cemeteries within the limit of their townships dedicated to public use, when the same are not controlled by other trustees or incorporated bodies.

Sec. 575. Any person elected to a township office, and refusing to qualify and serve, shall forfeit the sum of five dollars, which may be recovered by action in the name of the county for the use of the school fund in the county, but no person shall be compelled to serve as a township officer two terms in succession.

Sec. 563. County treasurers are hereby authorized to pay over to the city or town treasurers which come under the provisions of the three preceding sections all moneys collected for the road fund, or other funds which would otherwise be paid over to the township clerks of such townships.

Sec. 564. Whenever litigation shall arise, involving the right or duty of township trustees to certify or levy taxes which have been authorized upon expressed conditions, then in such cases, if the trustees are made parties to said litigation, they shall have authority to employ attorneys in behalf of said township, and are further authorized to levy the necessary tax to pay for said legal services, and to defray the unavoidable expenses of said litigation.

They are also authorized to submit the question of building a public hall and to levy a tax for the purpose (Code, sections 567, 568); to condemn lands for cemeteries and to levy taxes therefor (Code, sections 585, 586); to contract and levy taxes for use of public library (Code Supp. 1907, section 592a); and in addition thereto they are directed by law to meet on the first Monday in April of each year to determine: "(1) The rate of property tax to be levied for the succeeding year for roads, bridges, guideboards, plows, scrapers, tools and machinery adapted to the construction and repair of roads and for the payment of any indebtedness previously incurred for road purposes. (2) To certify to the board of supervisors the desire for an additional road tax," etc. Code Supp. 1907, section 1528.

They are also to set apart such portion of their taxes as may be necessary for the purpose of purchasing tools and machinery and paying for guide boards, and the same shall constitute a general township fund. Code, section 1529. These are the only provisions of statute applicable to the case; and the only one relating to attorney's fees is section 564, which manifestly does not apply.

It is argued, however, that defendants had implied authority to employ attorneys when sued as they were here, and that, having a general fund as provided by section 1529, they were authorized to use it in paying the expenses of the litigation. This general fund is a road fund, and it is expressly provided in section 1533 of the Code Supplement of 1907 and section 1549 of the Code that both property and poll road taxes shall be equitably and judiciously expended for road purposes. As there is a statute for the payment of attorney's fees in certain actions against trustees and authorizing the levy of a tax to meet these payments, the ordinary rule of construction must obtain to the effect that in no other case may attorneys be employed and taxes levied for the payment of their fees. The old maxim *"expressio unius, exclusio alterius"* applies. The so-called general fund created by sections 1528 and 1529 can be expended for road purposes only. It may be inconvenient for one who is required to serve as an official, or pay a fine, to recompense an attorney out of his own pocket when sued in a given kind of case; but there is nothing in the law which requires him to make defense to such actions as were here commenced. If he were simply following the law, no liability could be imposed upon him. On the other hand, if he were acting outside the scope of his official powers he would be liable personally and be compelled to pay his attorney as in any other case. It is certainly true that the taxpayers' money can not be taken without authority to pay attorney's fees or costs. Although there be a fund

in the township treasury, if that fund is raised for special and specific purposes, it can not be diverted. If there be no authority in law for levying a tax to meet such expenses, and no fund with which to pay them, a taxpayer may protest against the unlawful diversion of the money. We are unable to find any fund which defendants might lawfully use with which to pay attorney's fees, and find no authority of law for levying a tax to meet such expenses. It might be well for the Legislature to make provision to meet such a case as this; but, as it has not done so, we can not create such a law, no matter how desirable it may be. See, as sustaining these conclusions, *Higley v. Bunce,* 10 Conn. 436; *Westbrook v. Deering,* 63 Me. 231; *Coolidge v. Brookline,* 114 Mass. 592; *Minot v. W. Roxbury,* 112 Mass. 1 (17 Am. Rep. 52).

Defendants do not challenge the right of plaintiff to the relief demanded in the event we find there is no law for paying out the money; hence we do not consider the appropriateness of the remedy. It will be time enough to decide that matter when the question is presented by proper pleadings and sustained by argument. Our burdens are heavy enough without suggesting and disposing of questions which have not been presented or argued by counsel.

On the record before us we think the trial court was in error in its conclusions, and the judgment and decree must be reversed and the cause remanded for one in harmony with this opinion.—*Reversed* and *remanded.*