F. L. FARNSWORTH, Appellant, v. ISAIAH CRABB, Appellee.

**SET-OFF AND COUNTERCLAIM: Waiver—Failure to Introduce
1 Evidence—Motion for Directed Verdict.** A counterclaim is waived by counterclaimant in introducing no evidence thereon, and, at the close of plaintiff's evidence, moving for and securing a judgment of dismissal of plaintiff's claim.

**APPEAL AND ERROR: Decisions Reviewable—Amount in Contro-
2 versy—Pleading—Abandonment of Claim.** The conduct of litigants in the trial of their claims may show that a lesser amount is involved than is shown by the pleadings. So held where plaintiff prayed for judgment for $78, and defendant counterclaimed for $110, but wholly abandoned his claim.

**APPEAL AND ERROR:** Decisions Reviewable—Original Action
3 Wanting in Jurisdiction. Appeal will not lie from a judgment
of the district court in an action on account involving less than
$100, originally commenced in justice court, in the absence of the
certificate provided for in Sec. 4110, Code, 1897.

**APPEAL AND ERROR:** Decisions Reviewable—Amount in Contro-
4 versy—Barred Counterclaim. Principle recognized that the plead-
ing of a barred counterclaim in any amount will not, in the absence
of the certificate of the trial judge, that the appeal should be
allowed, confer jurisdiction to entertain appeal from a judgment
of the district court in which plaintiff claims less than $100. (See
Secs. 3457, 4110, Code, 1897.)

**APPEAL AND ERROR:** Decisions Reviewable—Amount in Contro-
5 versy—Pleadings Limiting Judgment to $100. Appeal will not
lie from the judgment of the district court in an action wherein
neither litigant could possibly recover a judgment in excess of
$100, without the certificate of the trial judge provided for in
Section 4110, Code, 1897.

*Appeal from Fayette District Court*—W. J. SPRINGER, Judge.

THURSDAY, NOVEMBER 23, 1916.

PLAINTIFF brought action in justice court against defendant, to recover the balance of the purchase price of a planing machine, claiming that there was due him the sum of $78, with interest from December 16, 1913. Defendant answered, denying plaintiff's claim, and pleaded a counterclaim growing out of the transaction, amounting to $110. A reply was filed to the counterclaim, and, on the issues joined, the case was tried, resulting in a judgment against the plaintiff. Plaintiff appealed to the district court, and there was permitted to file an amendment to his reply, in which he averred certain matters in excuse of his failure to deliver the planer in the condition it was in when sold, and an acceptance of the machine and a waiver of defects therein by the defendant. On these issues, the case went to trial before a jury in the district court. At the conclusion of plaintiff's testimony, defendant moved the court to direct the jury to return a

verdict for him, for various reasons not necessary to be noted. This motion was sustained, and a verdict was returned for defendant. Exception was taken to the ruling, and plaintiff · thereafter filed a motion for a new trial, which was over-ruled and exception taken, and thereafter, judgment was rendered on the verdict. Plaintiff appeals. *Dismissed.*

*A. F. Kearney* and *W. H. Palmer*, for appellant.

*E. H. Estey*, for appellee.

DEEMER, J.—Plaintiff's claim was for less than $100. The defendant filed a counterclaim for $110, growing out of the sale of the planer; but, on the trial in the district court,

**1. SET-OFF AND COUNTERCLAIM: waiver: failure to introduce evidence: motion for directed verdict.** he introduced no testimony in support thereof, and was content to simply defeat plaintiff on his claim. By standing on his motion to direct a verdict on the issues joined, he waived his counterclaim, and could not thereafter prosecute the same. But, assuming that he might do this, for the purpose of argument, we still have the question: How much is involved on this appeal? If less than $100, the appeal must be dismissed, because no certificate for appeal was requested of or given by the trial judge, as is required by Section 4110 of the Code.

Plaintiff's claim was for $78 and interest, the interest not being sufficient, when added to the principal, to aggregate $100. When plaintiff concluded his testimony, defendant

**2. APPEAL AND ERROR: decisions reviewable: amount in controversy: pleading: abandonment of claim.** elected not to present any, but to rely upon the supposed weakness of plaintiff's case. The amount involved, down to that time, was not $100; and, as defendant waived his counterclaim, nothing may be added on account thereof. Ordinarily, the amounts asked in the pleadings control, but the parties may, by their conduct, reduce this; and the question, after all, is: What was really in issue? As the defendant failed to introduce evidence to support his counter-

claim, and moved for judgment on plaintiff's testimony, nothing was involved, save the $73 and interest. This is settled by *Kurtz v. Hoffman,* 65 Iowa 260. In that case, it is said:

"By failing to support by evidence his counterclaim, if it was pleaded, defendant abandoned it. There was, therefore, at the trial no amount in controversy exceeding plaintiff's claim. Now, if defendant really pleaded the counterclaim, and on the trial abandoned it, or admitted that he was not entitled to recover thereon, or in any other way withdrew it from the consideration of the court, the amount set out in his pleading as a counterclaim was not in controversy. Not only must the pleadings show a sum in excess of $100 to be involved in the suit, but that sum must be in controversy. It cannot be so regarded if, by admission at the trial, or abandonment of the claim, it is withdrawn from the consideration and decision of the court."

Again, although defendant pleaded a counterclaim of $110, this was, under the circumstances, beyond the jurisdiction of the justice; and, if appellant takes that horn of the

3. APPEAL AND ER-
ROR: decisions
reviewable:
original action
wanting in ju-
risdiction.

dilemma, the justice had no jurisdiction, and, on appeal, the district court could not try the case. *Orchard v. Kirk,* 156 Iowa 374. Moreover, if it be conceded that defendant, because of the nature of his counterclaim, could not recover judgment for more than $100 before the justice, then, as all matters in controversy grew out of the one transaction, it is not permissible to add the amount claimed by plaintiff to the $100, and thus bring the amount within the jurisdiction of the court.

We may further add that defendant's counterclaim was barred by the statute of limitations, and could only be used

4. APPEAL AND ER-
ROR: decisions
reviewable:
amount in con-
troversy:
barred counter-
claim.

as a set-off against plaintiff's claim,— although we should state, in fairness, that the statute of limitations was not pleaded; but in no event could defendant have recovered more than $100. If he could, then the

justice had no jurisdiction; neither had the district court on appeal. It should be noted that, under the allegations of the counterclaim, defendant could not, in any event, have recovered more than he paid on the purchase price of the machine, to wit, $50, and interest, and this he could not have done without defeating plaintiff's entire claim.

5. APPEAL AND ERROR: decisions reviewable: amount in controversy: pleadings limiting judgment to $100.

There was no claim of fraud or misrepresentation,—simply a statement that the machine was worthless, and that he had paid $50 of the purchase price. True, he asked judgment for $110, which was the full purchase price; but he could not possibly have recovered that sum under the allegations of his counterclaim. In no event, then, could either party have recovered the sum of $100. *Cooper v. Dillon,* 56 Iowa 367; *Buckland v. Shephard,* 77 Iowa 329; *Hiatt v. Nelson,* 100 Iowa 750; *Nash v. Beckman,* 86 Iowa 249.

Appellee's motion to dismiss the appeal must be sustained, and the appeal is—*Dismissed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.