IN RE ESTATE OF L. M. MANN.

BEN E. MANN et al., Executors, Appellants, v. C. R. LOCHRIE et
al., Appellees.

No. 40416.

NOVEMBER 11, 1930.

*E. S. Tesdell* and *I. T. Jones*, for appellants.

*Stipp, Perry, Bannister, Starzinger & Little, O. M. Slay-
maker*, and *R. E. Killmar*, for C. R. Lochrie, appellee.

*McGinnis & McGinnis*, for Earl R. Johnson and Hazel John-
son, appellees.

*T. B. Dysart*, for Prudential Insurance Company of Amer-
ica, appellee.

MORLING, C. J.—Appellants, with another, who has since re-
signed, were appointed executors in probate proceedings pend-
ing in Polk county. They were removed, and a substituted ad-
ministrator appointed. The substituted administrator, on the

authority of the court, sold real estate to appellee Lochrie. The sale and conveyance to Lochrie were approved. It is assumed that Lochrie conveyed to appellees Johnson. The order removing appellants and appointing substituted administrator was afterward reversed on appeal, and appellants were reinstated. Appellants thereupon, impleading Lochrie and the Johnsons, made application for an order vacating the sale and canceling the deed from the substituted administrator to Lochrie for invalidity and collusion, and asking for general equitable relief. Lochrie filed motion to strike all claims against him, on the ground that he was a resident of Clarke County, and that the action was one to determine rights in real property situated in Decatur County, over which the Polk County court had no jurisdiction. Subject to the ruling on this motion, Lochrie moved the court to transfer the proceedings, so far as they affected the sale and deed to him, to Decatur County for trial, at the expense of the executors. Appellees Johnson, appearing by different attorneys, and alleging that they were residents of Decatur County, filed similar motions. The court overruled the motions to strike, but sustained the motion to transfer. The abstract reads that:

"There was filed the following 'Order and Judgment' * * * It is therefore ordered and adjudged that the motion of Earl R. and Hazel Johnson that the said cause, so far as it affects him and the 390-acre farm located and situated in Decatur County, Iowa, and sold to them, should be and is hereby sustained, and the said cause, so far as it does affect them and said real estate, is transferred to the district court of Iowa in and for Decatur County, for trial and determination. The court further finds that Earl R. and Hazel Johnson have incurred expense in the sum of $10 for attending the wrong court, and that they have incurred attorney's fees in the sum of $50 for preparing and presenting the application to transfer the cause to the proper county, which is Decatur County. The court further finds that the estate should pay these items, and judgment is hereby rendered in favor of the said Earl R. and Hazel Johnson against the executor and executrix of the estate of L. M. Mann, deceased, for the amount of expenses so incurred by the said Earl R. and Hazel Johnson and the amount of attorney's fees so incurred by them, all in the sum of $60, and said executor and executrix are ordered to pay the same * * *"

The recital of "filing" of like "order and judgment" appears with respect to the motion of appellee Lochrie, allowing to him the same sums. The notice of appeal is "from the rulings, judgments, and orders of the district court * * * in the matter of the motions of said Earl R. Johnson, Hazel Johnson, C. R. Lochrie * * * for change of place of trial of the application made by said executors in the above-entitled case to set aside and vacate the orders of the court for the sale of the real estate belonging to the said estate to C. R. Lochrie * * *'' Appellees Johnson and Lochrie now move to dismiss the appeal.

Appellants concede that an order merely granting a change of venue is not appealable (*Smith v. Morrison*, 203 Iowa 245), but contend that this court "may review such order or judgment when it is presented in connection with some other order or judgment which is directly appealable." They argue:

"The judgments for $120 entered by the court against the executors in connection with the order granting the change of place of trial are of sufficient amount to be appealable."

We need not be detained with a discussion of the question whether the ruling appealed from to the extent that it purports to render "judgment * * * for the amount of expenses so incurred * * * all in the sum of $60," and ordering the executor and executrix to pay the same, should be interpreted as a "judgment" (*Voorhies & Co. v. Eubank*, 6 Iowa [Clarke] 274; *Smith, Murphy & Co. v. Shawhan*, 37 Iowa 533; *Rabbett v. Connolly*, 153 Iowa 607), or merely as an interlocutory order in probate, allowing a claim or taxing costs. The allowances were in the nature of costs. *Keller v. Harrison* (Iowa), 129 N. W. 57 (not officially reported); *Farmers' & Traders' Bank of Leon v. Cohen*, 71 Iowa 473. Nor need we pause to determine whether, as held in *Keller v. Harrison* (Iowa), 129 N. W. 57 (not officially reported), and in accordance with the preponderance of authority (3 Corpus Juris 536), an intermediate judgment for costs may be reviewed only on appeal from final judgment. See *Keller v. Harrison*, 151 Iowa 320. In any event, there is no judgment against appellants for $120. The appellee Lochrie and the appellees Johnson proceeded severally. Their motions were independent of each other. The expenses which were severally sought to be recovered were expenses which they severally incurred.

Appellee Lochrie has no interest whatever in the recovery for the expenses incurred by appellees Johnson, nor have the Johnsons any interest in those incurred by Lochrie. Appellants' action was the occasion of the expense incurred by each. They could not, by discontinuing as to one, or satisfying one, satisfy the other. A distinct and separate "judgment" has been rendered against appellant in favor of Lochrie for his expenses, and another in favor of the Johnsons for their expenses. Each is for $60. Neither would be satisfied by the satisfaction of the other. On appellants' theory, the appeal at most is from two judgments, severally rendered, in favor of distinct parties, on distinct causes of action. The appellees' motions did not allege the incurring of expense, or ask for the recovery of any specific amount. The supporting affidavits alleged in the one case that the reasonable value of time and expense was $225, and in the other, $200. The district court took evidence at the hearing, and counsel for the respective appellees stated that they would be satisfied with any amount that the court should allow. Appellees thereby relinquished all claims for any greater sums than those actually allowed: namely, $60 to the moving parties, respectively and severally. The sum of sixty dollars is the only amount in controversy in either case. *Nevada v. Klum,* 76 Iowa 428. Even on appellants' theory, the appeal is, at most, from several judgments, in favor of several parties, on several causes of action, each for less than $100, and may not be maintained without certificate. See *Hidy Bros. v. Hanson,* 116 Iowa 8; *J. W. Edgerly & Co. v. Stewart & Hunter,* 86 Iowa 87.

The only question now before us, and the only question on which we intimate an opinion, is whether appeal to this court may be taken from the so-called "orders and judgments" entered on the motions to transfer. We merely hold that the attempted appeal cannot be maintained, and it should be, and is,—*Dismissed.*

STEVENS, DE GRAFF, ALBERT, and WAGNER, JJ., concur.