MRS. GREGORY STARK, Appellee, v. L. GINSBERG & SONS, Appellant.

No. 46662.

MAY 8, 1945.

REHEARING DENIED SEPTEMBER 22, 1945.

A. J. Myers and Sam Abramson, both of Des Moines, for appellant.

R. L. Morgan and C. W. Harvey, both of Des Moines, for appellee.

MULRONEY, J.—Plaintiff's petition alleged that on the 19th of November 1943, she purchased from the defendant a thirty-two-inch sled for the sum of $4.78; that the sled was falsely represented to her, by defendant's salesman, as a Flexible Flyer sled; that said false representations were meant to deceive her and they did deceive her and the sled was not in fact a Flexible Flyer. The petition also alleged that the sled she took home was an Eskimo sled and the maximum ceiling price, under the Emergency Price Control Act, 50 U. S. C. App., section 901 et seq., for said sled would not be $4.78 but about $1.50. The prayer of the petition was for "judgment against the defendant in the sum of Fifty Dollars ($50.00) as provided by the Emergency Price Control Act of the United States and the sum of Five Hundred Dollars ($500.00) as actual and exemplary damages incurred by reason of the fraudulent representations made by this [the] defendant's representatives and agents, and for attorney's fees and the court costs of this action, all as provided in said Emergency Price Control Act."

The defendant moved for an order directing plaintiff to separate and divide her petition in that it alleged two causes of action, one being a violation of the Emergency Price Control Act, for which plaintiff sought damages, and the other based on fraud, for which plaintiff sought recovery of both actual and exemplary damages. The motion was granted and in compliance with the court order thereon the plaintiff amended her petition by alleging the violation of the Emergency Price Control Act in Count I and by charging fraud and misrepresentation in Count II. The only prayer in the amendment appears at the end of Count II, where the pleading states: "Wherefore the plaintiff prays as in her original petition."

The evidence showed that plaintiff purchased a sled at defendant's store on November 19, 1943, for $4.69. She paid $1 in cash and at her request the sled was placed on "Will Call." A "Will Call" item is one that is put away to be called for later by the customer. The next day plaintiff returned to the store and paid the balance of the purchase price plus nine cents sales tax and a sled was delivered to her. That evening she discovered that the sled that was delivered to her was a reconditioned sled

and not the sled she had bought the previous day. Plaintiff was quite positive in her testimony that the sled that was delivered to her was not the sled she had purchased and left on "Will Call." Approximately a week later she telephoned defendant's store and was told by a saleslady to bring the sled back if she was not satisfied. The maximum OPA price for a forty-seven-inch used Flexible Flyer sled was $4.69. It was stipulated that the maximum OPA price for the sled that was delivered to plaintiff, called a used twenty-six-inch Eskimo sled, was $1.49.

At the close of plaintiff's testimony Count II was dismissed upon defendant's motion. The defendant's testimony was to the effect that a forty-seven-inch Flexible Flyer sled was actually sold to the plaintiff on November 19th but a mistake was made in the will-call department and the wrong sled was delivered to her on November 20th. The trial court in its findings commented on the defendant's good faith but entered judgment for the plaintiff for $50 damages and $50 attorney's fees under the provisions of the Emergency Price Control Act of 1942, 56 Stat. at L., chapter 26, sections 4(a) and 205(e), 50 U. S. C. App., sections 904(a) and 925(e). The record shows a stipulation that a reasonable attorney's fee would be $50.

I. At the outset we are met with the question of jurisdiction. Though there is no motion by appellee to dismiss the appeal, we fail to see how this court has jurisdiction to entertain it since it appears that the amount in controversy is less than $300 and the record contains no certificate from the trial court under Rule 333.

Rule 333 provides, in part, that:

" * * * no appeal shall be taken in any case where the amount in controversy, as shown by the pleadings, is less than three hundred dollars, unless the trial judge, within thirty days after the judgment or order is entered, certifies that the cause is one in which appeal should be allowed."

It is apparent that Count I of appellee's amended petition states a claim for violation of the Emergency Price Control Act, while Count II states a claim for damages as a result of fraudulent representations. The two counts are not followed by separate prayers but the pleading refers back to the general prayer

of the original petition. That prayer, as stated, sought $50 for violation of the Emergency Price Control Act, $500 as actual and exemplary damages, and attorney's fees as provided in the Emergency Price Control Act. When we fit this general prayer to the petition after it was divided into counts, we see that the appellee sought judgment for $50 and attorney's fees under Count I because of the violation of the Emergency Price Control Act. The parties construed the pleadings as if the claim for "exemplary" damages were under Count II, but we feel it must also fall under Count I for there are no allegations in Count II that would support any claim for exemplary damages. The claim for actual damages would fall under Count II. We have said that the claim for "exemplary" damages falls under Count I for such damages are punitive in nature, allowing recovery beyond actual compensation. That is exactly what the Emergency Price Control Act allows in the provision that warrants recovery of $50 or treble the overcharge. Since Count I charged the violation of the act, then the petition in this count sought exemplary damages in the sum of $50 and attorney's fees. Count II then sought a judgment for $500 for actual damages. Of course, Count I did not show an amount in controversy in excess of $300. The exemplary damage allowable under the act is limited to $50.

██ II. Count II, under this construction of the amended petition, does pray for a sum in excess of $300 but that does not necessarily show that "the amount in controversy, as shown by the pleadings" is in excess of that sum. The allegations of the count, which would only support a claim for actual damages for the false representations in connection with a sale of a sled priced at $4.79, with sales tax, would allow only the recovery of a few dollars damages. Section 12833, Code of 1939, which was superseded by Rule 333, contained a similar provision, though the jurisdictional amount was fixed at $100, so the decisions under the statute are in point, as we observed in Geagley v. City of Bedford, 235 Iowa 555, 16 N. W. 2d 252. We said in Kurtz v. Hoffman, 65 Iowa 260, 262, 21 N. W. 597, 598:

"Not only must the pleadings show a sum in excess of $100 to be involved in the suit, but that sum must be in controversy."

And the amount in controversy, in a case where the claim of the plaintiff is easily capable of pecuniary estimation by resort to the allegations of the petition, is determined by the averments of the pleading and not by the prayer for judgment. Sherman v. Babcock, 92 Wash. 546, 159 P. 781. In Farnsworth v. Crabb, 178 Iowa 565, 569, 159 N. W. 1042, 1044, where it was argued the jurisdiction under section 12833 was supported by the prayer of the counterclaim seeking judgment for $110, we pointed to the pleadings showing the defendant paid only $50 on the machine he purchased and he could not recover more than he paid, with interest. There we stated:

"True, he asked judgment for $110, which was the full purchase price; but he could not possibly have recovered that sum under the allegations of his counterclaim. In no event, then, could either party have recovered the sum of $100."

III. We have pointed out that the allegations of Count II would not support any claim for exemplary damages but the motion to divide into counts indicates the parties considered the claim for exemplary damages under Count II. Even if this count be construed to include a claim for exemplary damages, which, with actual damages, amounted to the sum of $500, then the same was waived and abandoned. The appellee made no attempt to offer any evidence in support of claimed exemplary damages. She did not appeal from the ruling dismissing this count and the prayer for exemplary damages, if considered under this count, could not be considered in determining the appellate jurisdiction. In Kurtz v. Hoffman, supra, 65 Iowa 260, 21 N. W. 597, and Farnsworth v. Crabb, supra, 178 Iowa 565, 159 N. W. 1042, we held that failure to support a counterclaim by evidence is an abandonment of it, so that it cannot be said that the amount sought in the counterclaim is in controversy. In the Kurtz case the appeal was by the defendant but in the Farnsworth case the appeal was by the plaintiff.

IV. We need not determine whether the judgment for attorney's fees would be considered in computing the amount in controversy for the parties stipulated that $50 would be a reasonable attorney's fee. Appellee, by such stipulation, relinquished all claim for a greater sum. In re Estate of Mann,

211 Iowa 85, 232 N. W. 839. The consideration of a $50 attorney's-fee claim leaves the petition far short of the jurisdictional amount of $300.

For the reasons stated, the appeal is dismissed.—Appeal dismissed.

All JUSTICES concur.