Leroy BENTTINE, Appellant,

v.

JENKINS TRUCK LINES, INC., Appellee.

No. 54154.

Supreme Court of Iowa.

Dec. 15, 1970.

L. A. Nelson, Charles City, for appellant.

Zastrow, Noah, & Smith, Charles City, for appellee.

LeGRAND, Justice.

The events leading up to this litigation started with an automobile accident on March 5, 1965. The circumstances of that misadventure are unimportant to this appeal except to say it occurred without negligence on the part of either party hereto. They agree it was caused by the tortious conduct of Ringle Express, Inc.

Plaintiff is engaged in the trucking business. From time to time he leased equipment to defendant. It was one of these leased trucks which figured in the accident of March 5, 1965.

Shortly thereafter plaintiff sued defendant for $924.69 (increased by later amendment to $974.69) due under his leasing agreement.

The lease agreement contained an indemnity clause under which plaintiff agreed to hold defendant harmless "from any and all losses of whatsoever kind or nature resulting from the operation" of the leased truck. Relying on this provision, defendant counterclaimed for $1039.32, the loss it sustained as a result of the 1965 accident (except for $39.32 which was for diesel fuel sold to plaintiff). Later the counterclaim was amended to demand $6920.79 for such loss.

This, then, is how the pleadings stood on September 22, 1969: plaintiff claimed $974.69 under the lease, and defendant claimed $6920.79 on the indemnity agreement.

On that date the parties entered into a stipulation by which defendant admitted it owed plaintiff $974.69. The stipulation also recited all claims comprising the $6920.79 counterclaim had been paid by Ringle Express, Inc. (the third-party tortfeasor) except a disputed item for attorneys' fees in the amount of $892.15.

The case was tried to the court on the stipulation. Since defendant had admitted liability on plaintiff's claim, there was nothing in controversy except the counterclaim by which defendant sought to recover only $892.15.

The trial court allowed the counterclaim in full, offset it against the agreed amount of plaintiff's demand, and entered judgment for the difference—$82.54.

Apparently unhappy at the attorney fees allowed defendant, plaintiff filed a motion for new trial. When this was overruled, he appealed.

Defendant filed a motion to dismiss the appeal, alleging the amount in controversy did not meet the $1000.00 jurisdictional minimum under rule 333, Rules of Civil Procedure. We ordered this motion submitted with the appeal, and we consider it first.

Rule 333, as amended in 1969, provides in part as follows:

"* * * No appeal shall be taken in any case where the amount in controversy, as shown by the pleadings, is less than one thousand dollars, unless the trial judge * * * certifies that the cause is one in which appeal should be allowed. * * *"

Since no certificate was filed, we must decide if the amount in controversy exceeds the minimum required by the rule.

■ The rule and its predecessor statute are of long standing, although the amount has been increased from time to time. Since July 1, 1969, it has been $1000.00. Compliance with the rule is jurisdictional and, if the amount in controversy is less than it prescribes, the appeal must be dismissed. Stark v. L. Ginsberg & Sons, 236 Iowa 735, 737, 18 N.W.2d 627, 628.

■ We have interpreted rule 333, and the statute which preceded it, to mean the amount claimed by the pleadings must actually be in controversy in order to satisfy jurisdictional demands. We so held as early as Alsip Bros. v. Hard, 38 Iowa 697. There we said a claim which was admitted was not in controversy and could not be considered in fixing the jurisdictional amount. Other circumstances bearing on a determination of jurisdiction under this rule may be found in Kurtz & Bittinger v. Hoffman, 65 Iowa 260, 262, 21 N.W. 597, 598 (failure to introduce evidence to support a claim removes it from controversy); Hassett v. Germania Building Assn., 78 Iowa 386, 388, 43 N.W. 275 (amount of tender reduced amount in controversy); Stark v. L. Ginsberg & Sons, 236 Iowa 735, 739, 18 N.W.2d 627, 628 (failure to introduce evidence eliminates claim from consideration); Whittier v. Whittier, 237 Iowa 655, 660, 23 N.W.2d 435, 439 (future support payments still unmatured may be included to establish jurisdiction); see also

4 Am.Jur.2d, Appeal and Error, section 33, page 56. But see Davis v. Laughlin, 147 Iowa 478, 480, 124 N.W. 876, which is seemingly in conflict with the above, although we believe it may be distinguished because it also sought to enjoin the expenditure of money by the township trustees.

We have also held to similar effect in a number of cases originating in justice of peace courts. While not direct authority for our holding here because of the important difference in the language of the statute under which that court's jurisdiction is established—the statute omits any reference to the pleadings as affecting the amount in controversy (section 601.80, The Code, 1966)—the rationale of those decisions is nevertheless some support for our conclusion. See Morrow v. Bell, 170 Iowa 17, 19, 151 N.W. 1084; Farnsworth v. Crabb, 178 Iowa 565, 567, 159 N.W. 1042, 1043.

■ The real test, as we have said several times, is this: could the trial court enter judgment against any party for more than the jurisdictional minimum? If not, the appeal must fail. City of Centerville v. Drake, 58 Iowa 564, 12 N.W. 594; Stark v. L. Ginsberg & Sons, supra, 4 C.J.S. Appeal and Error § 68, page 210; see Annotation, 58 A.L.R.2d 84, 124, where this is referred to as the special Iowa rule, for additional cases.

■ In the record now before us, we must hold we have no jurisdiction to entertain plaintiff's appeal. His claim was not in controversy at all; and defendant asked less than $1000.00 in his counterclaim. In no event could judgment have been rendered for the amount necessary to permit an appellate review under rule 333, Rules of Civil Procedure.

Appeal dismissed.

All Justices concur.