Larry E. CRANE, Executive Director of
Iowa Department of Environmental
Quality, Appellant,

v.

Al FULTON, Tom Stone & Sons,
Inc., Appellees.

No. 2–61112.

Supreme Court of Iowa.

Oct. 18, 1978.

Richard C. Turner, Atty. Gen., Clifford E. Peterson and Timothy D. Benton, Asst. Attys. Gen., for appellant.

Michael J. Streit, of Morr & Shelton, P. C., Chariton, for appellees.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

ALLBEE, Justice.

Plaintiff, Larry E. Crane, acting in his capacity as Executive Director of the Iowa Department of Environmental Quality, appeals the district court order dismissing a petition brought under § 455B.25, The Code.[1] That petition alleged that defendant Tom Stone and Sons, Inc. contracted with defendant Al Fulton to have Fulton demolish a corporation-owned building in Chariton. It further alleged that Fulton burned the building and that the burning violated 400 Iowa Admin.Code § 4.2(1). As relief, plaintiff demanded that each defendant be fined $1500. After the order of dismissal plaintiff brought this appeal.

Defendants filed a motion to dismiss the appeal, asserting that this court has no jurisdiction because the amount in controversy is less than $3000 and the trial judge did not certify the cause for appeal. *See* rule 3, Rules of Appellate Procedure.[2] We ordered the motion submitted with the appeal; because our ruling on the motion is dispositive, we consider no other issue.

We have held under rule 3 and its predecessor, rule 333, Rules of Civil Procedure,

---

1. **455B.25 Civil action for compliance.** If any order or rule of the commission is being violated, the attorney general shall, at the request of the commission or the executive director, institute a civil action in any district court for injunctive relief to prevent any further violation of such order or rule, or for the assessment of a fine as determined by the court, not to exceed five hundred dollars per day for each day such violation continues, or both such injunctive relief and fine.

2. **RULE 3. AMOUNT IN CONTROVERSY.** Subject to § 631.16 of The Code and except where the action involves an interest in real estate, no appeal shall be taken in any case where the amount in controversy, as shown by the pleadings, is less than three thousand dollars unless the trial judge, within thirty days after the judgment or order is entered, certifies that the cause is one in which appeal should be allowed. The right of appeal is not affected by any remission of any part of the verdict or judgment.

that absent the requisite amount in controversy this court is without jurisdiction. Such an appeal must, as a consequence, be dismissed. *Albion Elevator Co. v. Chicago & N. W. Transp. Co.*, 254 N.W.2d 6, 11 (Iowa 1977). A situation analogous to this case was presented in *Stark v. L. Ginsberg & Sons*, 236 Iowa 735, 18 N.W.2d 627 (1945). There plaintiff recovered $50 for a violation of the Emergency Price Control Act of 1942. That sum was not compensatory, just as the fines here are not. Nonetheless, the amount in controversy requirement applied and the appeal was dismissed. *Cf. Bair v. Randall*, 258 N.W.2d 333, 334 (Iowa 1977) (a controversy involving liability for inheritance tax, which is also non-compensatory).

Plaintiff, in his resistance to the motion to dismiss, attempts to sustain this court's jurisdiction on the basis of two arguments. He first attempts to aggregate the two $1500 fines to attain the rule 3 jurisdictional minimum. His second argument is that rule 3 does not apply. This second argument is based on two facts: that defendants argued in the trial court that the proceeding should be criminal and not civil, and that trial court agreed with the defendants. Plaintiff therefore suggests that rule 101, R.App.P., and the criminal appeal statute govern. He insists we must go to the merits of the controversy, at least to determine the appropriate route of appeal.

■ We dispose of the second argument first. The premise upon which defendants' argument below and trial court's ruling are based is that this action *is* civil but *ought* to be criminal. This is the reason given for the dismissal. In relating trial court's rationale, we do not imply any view of its merit. This case does not require us to determine whether the imposition of a fine through a civil proceeding, rather than criminal process, is impermissible. We allude to trial court's ruling only to demonstrate the faulty premise upon which plaintiff's second argument is built. All parties, including trial court, were agreed that this action is civil. Having been brought under § 455B.25, The Code, it could be nothing else. We therefore put aside plaintiff's argument on this point and move on to the more substantial issue: may plaintiff aggregate the fines requested against two individual defendants so as to attain the requisite $3000 in controversy?

In *Bridal Publications, Inc. v. Richardson*, 229 N.W.2d 771, 774 (Iowa 1975) this court refused to allow the aggregation of claims by a single plaintiff against multiple defendants, even where the separate actions had been consolidated for trial. Although the actions in *Bridal Publications* were brought separately, while in the instant proceeding both defendants were named in the same petition, this distinction has no significance. The determinative factor is that trial court could not enter judgment against any party for the jurisdictional minimum. *See Bridal Publications*, 229 N.W.2d at 774; *Benttine v. Jenkins Truck Lines, Inc.*, 182 N.W.2d 374, 376 (Iowa 1970).

Under this standard, aggregation could occur in this case only if defendants are jointly liable. In *Albion Elevator* we cited with approval federal cases which stand for the proposition that "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." 254 N.W.2d at 11–12. The converse of that rule may be applied here, for "[t]he test for aggregating claims of one plaintiff against multiple defendants is essentially the same as that for aggregating claims of multiple plaintiffs against one defendant: the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several. *Walter v. Northeastern R. R.*, 147 U.S. 370, 373–74, 13 S.Ct. 348, 37 L.Ed. 206 (1893); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3704, at 417 (1976)." *United States v. Southern Pacific Transp. Co.*, 543 F.2d 676, 683, n. 9 (9th Cir. 1976). *See also Osbahr v. H & M Construction, Inc.*, 407 F.Supp. 621, 622 (N.D.Iowa 1975).

The cases cited by plaintiff, *Alberty v. Western Surety Co.*, 249 F.2d 537 (10th Cir. 1957), *Siegerist v. Blaw-Knox Co.*, 414 F.2d

375 (8th Cir. 1969), and *Litvak Meat Co. v. Baker*, 446 F.2d 329 (10th Cir. 1971), are not on point. *Alberty* involved a mother acting for herself and her two minor children. The court treated the action as one involving multiple claims by a single plaintiff against a single defendant. *Siegerist* involved claims on which defendants faced joint liability. 414 F.2d at 381. *Litvak* is dealt with on the basis of joint liability, citing *Siegerist*. 446 F.2d at 333–34.

No one suggests, and we have not been cited any authority for the possibility, that defendants' liability under § 455B.25 is joint. Neither defendant could be charged for the fine imposed against its co-defendant. The fact that their potential liability arose out of the same transaction is not sufficient to permit the aggregation necessary to sustain this court's jurisdiction.

Finally, plaintiff urged, at oral argument, that rule 304, R.App.P., be applied to allow this court to hear the case on certiorari. We have neither found nor been directed to a case in which rule 304 or its predecessor was used in a situation such as this. Use of rule 304 in the manner suggested would allow a party to circumvent the requirements of rule 3 and defeat that rule's purpose. This we decline to permit. Plaintiff had an entirely adequate course of appeal open to him, by trial court certification under rule 3, and failed to avail himself of it.

Because the amount in controversy is insufficient to confer appellate jurisdiction, the appeal is dismissed.

APPEAL DISMISSED.